## THE PEOPLE v. HORACE SEBRING.

*Criminal law—Husband and wife— Complaint—Witness.*

1. It is competent for a wife to make a criminal complaint against her husband, for an assault upon her person with intent to do great bodily harm less than the crime of murder.
2. At common law a wife was a competent witness against her husband on his trial for an assault and battery upon her person.
3. It is the policy of the law to extend the right of the wife to bear testimony against her husband in cases of violation of her personal rights, rather than to restrict it. Act No. 211, Laws of 1885.

Error to superior court of Grand Rapids. (Parrish, J.) Argued June 28, 1887. Decided July 7, 1887.

Respondent was convicted of assault with intent to do great bodily harm less than the crime of murder. Affirmed. The facts are stated in the opinion.

*Emil A Dapper,* for respondent.

*Moses Taggart,* Attorney General, and *Samuel D. Clay,* prosecuting attorney, for the People.

SHERWOOD, J. The respondent in this case was charged with the crime of assault with intent to do great bodily harm.

66 MICH.—45.

Annie Sebring, his wife, made the complaint against him, before Judge Holmes, in the police court in Grand Rapids, and therein charged that the respondent assaulted the complainant with a knife, doing her great bodily injury, whereby her life was endangered, and that he did the same with the felonious intent to commit the crime charged.

The respondent was arrested upon the charge, examined before Judge Holmes, and bound over to appear in the superior court of that city for trial upon an information to be filed in that court against him alleging the same offense. On being arraigned in the superior court, the respondent refused to plead, and the court directed the plea of not guilty to be entered for him. When the cause was called for trial, the respondent, by his counsel, moved to quash the information on the ground that the complaining witness against him was his wife. The court overruled the motion. A trial was then had, and the respondent was convicted.

The only error relied on for reversal is the overruling of the respondent's motion to quash. The wife was not a witness upon the trial.

It would be a strange rule of law, indeed, either common or statute, which would not allow a wife, when assaulted and beaten until her life is endangered by a cruel and malicious husband, to resort to the courts and make her complaint, and secure his arrest. This is not a case which can find support even under that barbarous rule which has been supposed by some ancient authorities to have had an existence among the early customs recognized by the common law, and which permitted the husband to punish his wife under the pretense of needed chastisement. Nor was anything of the kind pleaded as justification in this case. The offense charged is a crime, —one endangering the life of the wife.

There is no question but that at common law the general rule is that neither husband nor wife are competent witnesses against each other in cases, civil or criminal, where either is

directly interested in the result of the proceedings. There have, however, always existed at common law exceptions to this rule. One of these exceptions is where the husband commits an assault and battery upon his wife. Then she is a competent witness in a criminal prosecution against him, or in a case of maliciously shooting at her. *Lady Lawley's Case*, Bull. N. P. 287; *Rex v. Azir*, 1 Strange, 633: *Soule's Case*, 5 Greenl. 407; *State v. Davis*, 3 Brev. 3; *Lord Audley's Case*, 3 How. St. Tr. 402, 413, Hutton, 115, 116; *Parsons v. People*, 21 Mich. 509.

If the wife could not complain of or be a witness against her husband in these cases, she might not unfrequently be subjected to the most atrocious and brutal conduct from her husband without remedy. Not only the ends of justice, but public policy alike, require that she should be at liberty to complain and prosecute as if she were a *feme sole* in criminal cases. The law will not allow the marriage relation to be so used as to protect the criminal, or shield him from the just penalty for his crime.

Act No. 211, Laws of 1885, provides that—

"A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other."

Thus it will be seen that it is the policy of the law to extend the right of the wife to bear testimony against the husband in cases of violation of her personal rights, rather than to restrict it.

The court committed no error in the ruling complained of, and the judgment must be affirmed.

The other Justices concurred.