ROEK v CHIPPEWA VALLEY SCHOOL DISTRICT

Docket No. 60586. Submitted October 18, 1982, at Detroit.—Decided December 8, 1982.

Michael Roek commenced an action in the Macomb Circuit Court against the Board of Education of the Chippewa Valley School District, alleging that defendant had failed to offer him a teaching contract for the 1980-1981 school year, in violation of the School Code. Plaintiff was employed by defendant during the 1979-1980 school year as a substitute teacher. He taught for 112 full days and 10 half-days during the school year. The School Code provides that a teacher employed as a substitute teacher for 120 days or more during a school year shall be given first opportunity to accept or reject a contract for which the person is certified after all other teachers of the school district are reemployed. The court, Kenneth N. Sanborn, J., granted summary judgment for plaintiff. Defendant appealed. *Held:*

A substitute teacher's rights accrue when he or she has been called in on 120 or more days to teach.

Affirmed.

SCHOOLS — SUBSTITUTE TEACHERS — HIRING PREFERENCES — SCHOOL CODE.

The statute providing that a "teacher employed as a substitute teacher for 120 days or more during a school year shall be given first opportunity to accept or reject a contract for which the person is certified after all other teachers of the school district are reemployed" gives a hiring preference to a substitute teacher who has been called in on 120 or more days to teach any part of a day (MCL 380.1236[2]; MSA 15.41236[2]).

*Hiller, Larky & Hoekenga* (by *Gregory J. Bator),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
[No reference]

*Glime, Daoust, Wilds, Rusing & Widlak* (by *Raymond G. Glime),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Plaintiff, Michael Roek, commenced this action on September 29, 1980, against defendant, Board of Education of the Chippewa Valley School District, alleging that defendant had failed to offer him a teaching contract for the 1980-1981 school year in violation of MCL 380.1236(2); MSA 15.41236(2). Both parties moved for summary judgment. The trial court granted summary judgment in favor of plaintiff. Defendant now appeals as of right the trial court's order granting summary judgment in favor of plaintiff.

The issue here is strictly one of statutory construction. The facts are not in dispute. Plaintiff was employed by defendant during the 1979-1980 school year as a substitute teacher in the Chippewa Valley School District. He taught for 112 full days and 10 half days during the school year. MCL 380.1236(2); MSA 15.41236(2) provides:

"(2) A teacher employed as a substitute teacher for 120 days or more during a school year shall be given first opportunity to accept or reject a contract for which the person is certified after all other teachers of the school district are reemployed in conformance with the terms of a master contract of an authorized bargaining unit and the employer."

Defendant did not offer plaintiff a teacher contract for the 1980-1981 school year. The sole question on appeal is whether plaintiff's employment for 112 full days and 10 half days should be construed as satisfying the requirement that he be employed for 120 days or more before he can claim the protec-

tion of the statute. Defendant argues that a statutory "day" is a full day of employment. Consequently, it contends that plaintiff worked for only 117 days and is not entitled to the statute's benefits. Plaintiff argues that any day on which a substitute teacher is called in to work is to be counted as a day under the statute. Accordingly, he contends that he worked for 122 days and qualifies under the statute.

Plaintiff moved for summary judgment on the ground that there was no genuine issue as to any material fact, GCR 1963, 117.2(3). That subrule provides that a moving party is entitled to summary judgment where "there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law". Summary judgment pursuant to GCR 1963, 117.2(3) was the proper method of disposing of this case since there was no genuine issue as to any material fact, and either plaintiff or defendant was entitled to judgment as a matter of law.

The question before the Court is a novel one. No prior cases resolve the issue before this Court. Nor do any other sections of the School Code, MCL 380.1 *et seq.;* MSA 15.4001 *et seq.,* aid in interpreting the meaning of the statute. The first rule of statutory construction is that where no ambiguity exists, there is no room for judicial construction. *Stover v Retirement Board,* 78 Mich App 409, 412; 260 NW2d 112 (1977). Plaintiff and defendant both argue that the plain meaning of the statute favors each of their respective positions. We are convinced that the phrase "employed as a substitute teacher for 120 days or more" is susceptible to more than one reasonable interpretation. Where the language of a statute is ambiguous, the court should give it a reasonable construction consider-

ing both its purpose and the object it seeks to accomplish. *Charter Twp of Pittsfield v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981); *Attorney General v Michigan Property & Casualty Guaranty Ass'n,* 80 Mich App 653, 657-658; 263 NW2d 918 (1978).

We conclude that the more reasonable and logical interpretation of the statute is that a substitute teacher's rights accrue when he or she has been *called in* on 120 or more days to teach. The purpose of the statute is to give substitute teachers who have taught for a substantial portion of the school year the first opportunity to accept or reject a full-time teaching contract for the following year before offering positions to "outsiders". It would be inconsistent with this purpose to allow a school district to add up quarter or half days to avoid the obligation imposed by the statute. Under defendant's interpretation, a teacher could work an entire school year of 180 half days and still not come within the statute.

For these reasons, we are led to the conclusion that summary judgment in favor of the plaintiff was appropriate in this case. No factual development could possibly support defendant's defense at trial. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978).

Affirmed. No costs, a public question being involved.