**STATE of Missouri, Respondent,**

v.

**Gregory Allen MANNING, Appellant.**

**No. 45230.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Charles M. Shaw, St. Louis, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for second degree murder. The jury was unable to agree as to punishment, and the trial court sentenced defendant to thirty years imprisonment. We reverse and remand.

Defendant and his wife were married in 1975, had one child and separated in March 1981. At the time of the shooting, in May 1981, defendant's wife and child were living in a flat owned by defendant and wife. Shortly before that time, Julia Peckhorn and her young child had moved into the flat with wife and child.

After enjoying a movie on May 16, 1981, with their boyfriends, wife, Julia and the two boyfriends returned to the flat. Wife and her boyfriend (the victim) eventually retired to the master bedroom. Julia and her boyfriend visited in the living room. At about 2:00 a.m. on May 17, 1981, defendant appeared and asked to see wife. Julia went to the bedroom door and gave wife defendant's message.

Wife met with defendant in the kitchen. Defendant was interested in a reconciliation. Wife was not. In fact, the two were scheduled to meet with an attorney later that day to discuss a divorce.

Defendant pulled a gun from his waistband. Wife fled from the kitchen in an attempt to warn the others in the apartment about the gun. Defendant shot her in the knee as she ran. He then stood at the entrance of the master bedroom and fired several shots into the room killing wife's boyfriend. The police arrived shortly thereafter. Defendant told them he fired the gun "because she's my wife."

At trial, over defendant's objection, wife was permitted to testify to the events surrounding the shooting as well as the reasons for her separation from defendant. We find the trial court committed reversible error in allowing wife to testify against the defendant as the two were still married at the time of trial. § 546.260, RSMo.1978; *State v. Berry,* 622 S.W.2d 396 (Mo.App. 1981); *State v. Euell,* 583 S.W.2d 173 (Mo. banc 1979).

State contends there was no error in allowing wife's testimony as she was a victim of the crime charged. *Wilkerson v. United States,* 342 F.2d 807 (8th Cir.1965). But not so. While wife was a victim of an assault, she was not a victim of the crime for which the defendant was being tried, namely, the murder of wife's boyfriend. Section 546.260, RSMo.1978, is an integration of the common law rule which prohibits spouses from testifying against each other, and it must be strictly construed.

We reverse defendant's conviction and remand this case to the trial court for a new trial. Because it is unlikely defendant's other points on appeal will appear on the retrial of this case, we will not address them in this appeal.

Reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.