Gregory MANNING, Appellant,

v.

STATE of Missouri, Respondent.

No. 51039.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1987.
Application to Transfer
Denied Feb. 17, 1987.

Toby H. Hollander, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Carrie Francke, Asst. Attys. Gen. Jefferson City, for respondent.

CRIST, Judge.

We affirm the denial of movant's Rule 27.26 motion without an evidentiary hearing.

Movant was convicted of second degree murder by aid of his then wife's testimony. The case was remanded for a new trial because of the use by the state of movant's wife's testimony. *State v. Manning,* 657 S.W.2d 301 (Mo.App.1983). Movant and his wife were divorced; movant was retried and was again convicted of second degree murder. At second trial, after divorce, wife was held to be a competent witness. Movant appealed after the second conviction, alleging, in part, wife's testimony was barred by double jeopardy. *State v. Manning,* 682 S.W.2d 127 (Mo.App.1984). The appellate court found against movant on that appeal:

> [T]he prohibition against double jeopardy [does not] bar her testimony.... If a conviction is reversed solely due to evidentiary insufficiency[,] the double jeopardy clause requires a judgment of acquittal. If a conviction is reversed solely due to trial error, then retrial is constitutionally permissible. *State v. Wood,* 596 S.W.2d 394, 398 (Mo. banc 1980). Defendant's first conviction was reversed solely due to trial court error in the first proceeding. It was not error to retry the defendant.

*Manning,* 682 S.W.2d at 130.

On September 4, 1985, movant filed his Rule 27.26 motion alleging in part:

> My retrial for murder in the second degree violated the double jeopardy clause of the United States Constitution and the Constitution of the State of Missouri because the evidence in my first trial, after the exclusion of testimony which was erroneously admitted (See *State v. Manning,* 657 S.W.2d 301 (Mo.App.1983)), is insufficient as a matter of law to make a submissible case of murder.

And, on September 23, 1985, movant filed, in the 27.26 trial court, a motion asking for oral argument, but not an evidentiary hearing, on the allegation stated above, and asking for an evidentiary hearing with respect to a second issue not raised on appeal. The Rule 27.26 trial court found the double jeopardy issue had been a subject of appeal of movant's second trial. A point raised on appeal cannot be relitigated by a 27.26 motion. *Seltzer v. State,* 694 S.W.2d 778, 780[3] (Mo.App.1985).

■ Movant, in his sole point relied on, has attempted to avoid the ruling of the trial court by contending on appeal that he is entitled to have his conviction reduced to manslaughter on the grounds that without wife's testimony, in the first murder trial, he would only have been guilty of manslaughter. Movant, however, waived a Rule 27.26 evidentiary hearing on the double jeopardy issue, thus on appeal, there is no evidence to support his contention.

Even if the issue was appropriate for a 27.26 motion and we accepted as true the facts as presented in movant's brief, we are not convinced the authority cited by movant supports reducing the second degree murder conviction to manslaughter.

Judgment affirmed.

KELLY, J., concurs.

SATZ, P.J., concurs in result.