ROEK v CHIPPEWA VALLEY BOARD OF EDUCATION

Docket No. 80495. Decided April 26, 1988. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed those parts of the judgments of the Court of Appeals and the circuit court which granted tenure to the plaintiff.

Michael F. Roek, a substitute teacher employed by the Chippewa Valley Board of Education, brought an action in the Macomb Circuit Court against the board, alleging that it failed to offer him a regular teaching contract for the 1980-81 school year as required by the School Code, even though a position was available, and seeking a judgment requiring an offer of such a contract and payment of back wages and benefits. The court, Kenneth N. Sanborn, J., granted summary judgment for the plaintiff, holding that the plaintiff had worked the requisite number of days under the code to qualify for an offer of a full-time contract. The Court of Appeals, R. M. MAHER, P.J., and BRONSON and CYNAR, JJ., affirmed in an opinion per curiam (Docket No. 60586). Following a subsequent evidentiary hearing, the trial court ordered money damages and the employment of the plaintiff which would afford him seniority and tenure as if he had been employed since the 1980-81 school year. The Court of Appeals, GRIBBS and CLEMENTS, JJ. (BRONSON, P.J., not participating), affirmed in an unpublished opinion per curiam (Docket No. 88021). The defendant applies for leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY and Justices BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, the Supreme Court *held:*

The granting of tenure to a qualified, nontenured substitute teacher who was not offered a regular contract of employment by a school district for several years, although the teacher was entitled to be offered such a contract under the School Code, was not an appropriate remedy. Tenure is to be granted in accordance with the provisions of the teacher tenure act.

1. Section 1236 of the School Code requires that an otherwise qualified substitute teacher who has taught within a district for the requisite number of days during a school year be given the

opportunity to accept the first available regular position of employment. It does not require that a nontenured substitute teacher be granted tenure. The first two years of employment of a nontenured teacher are probationary, allowing a school district to review the services of the teacher prior to granting tenure.

2. In this case, the plaintiff's employment with the defendant was probationary. No reason was shown why the plaintiff would not be able to earn tenure upon being employed.

Reversed in part.

Justice LEVIN, writing separately, stated that leave to appeal should be granted. Peremptory reversal should be reserved for cases in which the law is settled and no factual assessment is required. In this case, because the law is not settled, peremptory disposition is not appropriate.

*Hiller, Larky, Hoekenga & Amberg, P.C.* (by *Daniel J. Hoekenga*), for the plaintiff.

*Glime, Daoust, Wilds, Rusing & Leduc* (by *Raymond G. Glime*) for the defendant.

PER CURIAM. MCL 380.1236(2); MSA 15.41236(2) provides that a school district shall offer a substitute teacher regular employment if certain conditions are met. In this case we address the issue whether a grant of tenure is an appropriate part of the remedy when the school district fails to offer employment to a qualified teacher for several years. We hold that tenure is not an appropriate remedy in such a situation.

I

Plaintiff Michael Roek was employed by defendant Board of Education of the Chippewa Valley School District as a substitute teacher. During the 1979-80 school year, plaintiff worked 112 full days and ten half days for defendant. Subsection 2 of

§ 1236 of the School Code, MCL 380.1236(2); MSA 15.41236(2), provided, at that time:[1]

> (2) A teacher employed as a substitute teacher for 120 days or more during a school year shall be given first opportunity to accept or reject a contract for which the person is certified after all other teachers from the school district are reëmployed in conformance with the terms of a master contract of an authorized bargaining unit and the employer.

Defendant failed to offer a regular contract to plaintiff for the 1980-81 school year, even though there was a position available. On September 29, 1980, plaintiff commenced the present action by filing a complaint in the Macomb Circuit Court. The complaint requested that the court enter a

[1] This section was amended by 1986 PA 72 to add a definition of "day" and make other changes. As amended, it states:

(1) A teacher employed as a substitute teacher with an assignment to 1 specific teaching position after 60 days of service shall be granted for the duration of that assignment leave time and other privileges granted to regular teachers by the school district, including a salary not less than the minimum salary on the current salary schedule for that district.

(2) A teacher employed as a substitute teacher for 120 days or more during a legal school year of not less than 180 days, or employed as a substitute teacher for 150 days or more by an intermediate school district that operates any program for 220 days or more as required by administrative rule, shall be given during the balance of the school year or during the next succeeding legal school year only, the first opportunity to accept or reject a contract for which the substitute teacher is certified, after all other teachers of the school district are reëmployed in conformance with the terms of a master contract of an authorized bargaining unit and the employer.

(3) As used in this section, "day" means the working day of the regular, full-time teacher for whom the substitute teacher substitutes. A quarter-day, half-day, or other fractional day of substitute service shall be counted only as that fraction. However, a fraction of a day that is acknowledged by the school district and paid as a full day shall be counted as a full day for purposes of this section.

judgment "requiring the Defendant to offer Plaintiff a teaching contract for the 1980-81 school year, award Plaintiff back wages and benefits, and grant plaintiff such other and further relief as it shall deem just and equitable." Defendant's answer to the complaint denied that § 1236 required it to offer plaintiff a contract.

In May and June 1981, the parties filed countering motions for summary judgment.[2] The issue was how to count plaintiff's ten half days of substitute teaching in 1979-80. Plaintiff argued they should count fully toward a total of 122 days. Defendant argued they should be counted on a pro-rata basis for a total of 117 days. On July 13, 1981, the trial court entered an opinion agreeing with plaintiff. It entered an order granting plaintiff's motion and denying defendant's motion on August 18, 1981.[3] The trial court denied a motion by defendant for reconsideration.

Defendant appealed in the Court of Appeals. The issue was whether the trial court erred in not discounting the ten half days. The Court of Appeals affirmed, *Roek v Chippewa Valley School Dist,* 122 Mich App 76; 329 NW2d 539 (1982).[4]

The case returned to the Macomb Circuit Court.

---

[2] Plaintiff's motion sought only partial summary judgment. It addressed only the issue of liability, not remedy. Defendant's motion also addressed only liability. However, defendant's motion was properly titled because, if granted, it would have resulted in full resolution of the case in favor of defendant.

[3] The order also stated:

> IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, having failed and refused to offer Plaintiff an available position for the 1980-81 school year, is hereby ordered to pay actual money damages to Plaintiff which Plaintiff for the 1980-81 school year, has suffered, subject to Plaintiff's obligation to mitigate, said damages not to exceed the total sum of Twenty Thousand and 00/100 ($20,000.00) Dollars.

[4] Defendant did not seek leave to appeal in this Court.

On February 15, 1983, plaintiff filed a motion
seeking a ruling that he was entitled to damages
and "credit" as if he had been teaching during the
years while the appeal was pending. Defendant
opposed the motion, arguing that plaintiff had
waived or was otherwise foreclosed from claiming
any remedy in addition to that specified in the
circuit court's order of July 13, 1981.[5] On June 29,
1983, the circuit court entered an opinion and
order indicating that the order of July 13, 1981,
determined liability but not the remedy. Thereaf-
ter, plaintiff filed a motion to amend the complaint
to request damages and other relief for school
years after 1980-81.[6] The circuit court granted the
motion to amend and defendant filed an amended
complaint.[7]

Following four days of evidentiary hearing, the
circuit court entered an opinion on August 28,
1985. In the opinion, the court computed money
damages[8] and concluded that defendant should em-
ploy plaintiff, and afford him seniority and tenure
as if he had been employed since the 1980-81
school year. The court entered an order of judg-
ment on September 23, 1985.[9]

Defendant appealed in the Court of Appeals.

[5] See n 3 and accompanying text.

[6] Defendant opposed the motion, claiming that the July 13, 1981
order was res judicata.

[7] Defendant filed an interlocutory application for leave to appeal in
the Court of Appeals. That Court denied the application (Docket No.
74656). Defendant also filed a motion for accelerated judgment, argu-
ing that the amended complaint's request for relief accruing after
school year 1980-81 was precluded under the doctrine of res judicata.
Plaintiff countered with an entry of default. In an opinion and order
entered July 20, 1984, the circuit court denied accelerated judgment
and set aside the entry of default.

[8] The court's determination of the appropriate elements of damages
is not questioned on appeal. The opinion dealt with other matters not
pertinent to the issue which we address in this opinion.

[9] The trial court later denied a motion for stay of proceedings
pending appeal. The Court of Appeals granted a stay with regard to
payment of money damages only.

That Court affirmed in an unpublished per curiam opinion on December 30, 1986. It also denied a motion for rehearing.

Defendant has filed an application for leave to appeal in this Court.[10]

II

Article II, § 1 of the teacher tenure act, MCL 38.81; MSA 15.1981 provides that the first two years of employment of a nontenured teacher are a period of probation. Plaintiff was not tenured prior to the dispute decided by this litigation.

Defendant argues that § 1236 of the School Code merely requires a district to offer plaintiff a contract of employment. Pursuant to the tenure act, that contract would be for a first-year probationary teaching position. Defendant argues that an award of tenure is in excess of that required by § 1236, amounting to a windfall. Such an award deprives defendant of an opportunity to fulfill its duty to review the services of probationary teachers to assure that they are satisfactory, MCL 38.83, 38.91; MSA 15.1983, 15.1991. See also MCL 380.1231; MSA 15.41231.

Plaintiff notes that the parties have stipulated that a position was available for him throughout the period in question. He argues that the appropriate remedy is to place him in as good a position as if he had been employed for the five years that the litigation was pending before he was given a position. The effect of placing him on probation would be to extend the probationary term to "an exorbitant duration" of seven years.[11]

---

[10] This opinion decides one of several issues raised by defendant. With the exception of the issue discussed, we deny defendant's application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court.

[11] Plaintiff further notes that the collective bargaining agreement

The circuit court considered the issues of tenure and seniority at the same time. It noted that failure to grant seniority would operate to plaintiff's disadvantage by placing him more in peril of layoff than if defendant had employed him as required by § 1236. The circuit court succinctly summarized the competing interests on tenure:

> On the other hand, defendant and the public is [sic] admittedly impacted [sic] by placement of plaintiff in a tenured position. Defendant will have lost the opportunity to review plaintiff's performance as a full-time teacher while on probationary status. However, the equities of the situation demand that plaintiff be made whole.[12]

III

It is "the province of equity to afford full relief and protect all rights." *Barnard v Huff,* 252 Mich 258, 264; 233 NW 213 (1930). " 'Assuming that [a] transaction ought not to have taken place, the court proceeds as though it had not taken place, and returns the parties to that situation.' " *Herpolsheimer v Herpolsheimer Realty Co,* 344 Mich 657, 666; 75 NW2d 333 (1956), quoting 3 Pomeroy, Equity Jurisprudence (5th ed), § 910, p 578. Conversely, when a party fails to do that which is required by law, the remedy is to place the parties in a position as if there had been performance.

Section 1236 does not require that a qualified, nontenured substitute teacher be granted tenure.

_____

between defendant and the collective bargaining agent of its teachers includes a provision requiring just cause for discharge of all teachers, tenured or probationary. Plaintiff's argument also focuses on the circuit court's ruling that plaintiff be given seniority from the 1980-81 school year. Our decision does not affect the lower court's rulings on seniority.

[12] The Court of Appeals did not specifically address the tenure issue.

It does not mention tenure. It merely requires the school district to offer a contract of employment. By operation of the tenure act, this contract would be probationary.[13] Thus, § 1236 contains only the implied requirement that plaintiff be given the opportunity to obtain tenure. The trial court erred in requiring defendant to grant plaintiff tenure.

This conclusion reflects the statutory right of defendant to review the services of newly hired teachers prior to granting tenure.[14] Moreover, it does not deprive plaintiff of anything to which he is entitled under § 1236. Contrary to his argument, he has not been in a probationary term for five years. In some situations not addressed by this opinion, a trial court might award a benefit because the nature of the passage of time would place the injured party at a disadvantage. However, that is not the case with tenure. There is no apparent reason, certainly plaintiff points to none, why plaintiff is not as able to earn tenure after being actually employed as he was in school year 1980-81. Once earned, the nature of tenure does not depend on when it was achieved, in contrast to most seniority schemes. Thus, plaintiff's employment with defendant started on a probationary basis. A grant or denial of tenure should be made in accordance with the tenure act.

Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse those parts of the judgments of the Court of Appeals and the Macomb Circuit Court which granted tenure to plaintiff.

[13] This analysis would not necessarily apply if the teacher had acquired tenure through prior employment elsewhere or with the school district in question. See MCL 38.82, 38.92; 15.1982, 15.1992.

[14] See 27 Am Jur 2d, Equity, § 104, p 626, indicating that courts of equity may "go much further both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved."

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

LEVIN, J. (*separate opinion*). I would grant leave to appeal.

Peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required.[1] Because the law is not settled in the instant case, peremptory disposition is not appropriate.

---

[1] See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting). ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error."); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting). ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting].")