PEOPLE v VANN·

Docket No. 98656. Decided February 27, 1995. On application by the
    people for leave to appeal, the Supreme Court, in lieu of
    granting leave, reversed the judgment of the Court of Appeals
    and reinstated the judgment of the Recorder's Court for the
    City of Detroit.

Lawrence T. Vann was convicted, following a bench trial in the
    Recorder's Court for the City of Detroit, Gershwin A. Drain, J.,
    of felonious assault and possession of a firearm during the
    commission of a felony. The Court of Appeals, D. E. HOLBROOK,
    JR., P.J., and GRIBBS and SAWYER, JJ., reversed in an unpub-
    lished opinion per curiam and remanded the case for a new
    trial, concluding that *People v Love*, 425 Mich 691 (1986),
    required such relief (Docket No. 142237). The people seek leave
    to appeal.

    In an opinion per curiam, signed by Chief Justice BRICKLEY,
and Justices BOYLE, RILEY, MALLETT, and WEAVER, the Supreme
Court *held:*

    The trial court did not err in admitting the disputed testi-
mony.

    MCL 600.2162; MSA 27A.2162, the spousal privilege statute,
provides that one spouse may not be a witness against the
other without consent, except where the cause of action grows
out of a personal wrong or injury done by one to the other. In
this case, the offense committed against the third party grew
out of the personal wrong or injury done by the defendant to
his wife.

    Reversed.

    Justice CAVANAGH, dissenting, stated that the defendant
should be entitled to a new trial. The prosecutor did not charge
the defendant for the crime he allegedly committed against his
spouse. Consequently, the exception for allowing spousal testi-
mony could not apply in this case regardless of the temporal
sequences of the alleged offenses. The admission of his wife's
testimony did not constitute a harmless error beyond a reason-
able doubt.

    Justice LEVIN, dissenting, stated that the "grows out of a
personal wrong or injury" language of the spousal privilege

statute codified the common-law exception to the rule excluding spousal testimony. That exception covered criminal prosecutions of a spouse for physically injuring the other spouse. It is too narrow to fit the facts of this case, which involved an assault on a third party.

Leave to appeal either should be granted or denied. Peremptory reversal of the Court of Appeals belittles its efforts and deprives Vann and his counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Research, Training and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Kenneth R. Sasse* for the defendant.

PER CURIAM. The defendant was convicted of assaulting another man with a gun. The question on appeal is whether the trial court erred in allowing the defendant's estranged wife to testify against him. Relying on MCL 600.2162; MSA 27A.2162 and a previous decision of this Court, the Court of Appeals found error and reversed the defendant's convictions. We hold that the trial court did not err in admitting the disputed testimony, and reverse the judgment of the Court of Appeals.

I

The opinion of the Court of Appeals sets forth the facts that are necessary to the decision in this case:

Pearlie Vann testified at trial that after nineteen years of marriage to defendant, she moved

out of their home on July 7, 1990, and filed for divorce on October 12, 1990. Vann testified that on October 21, 1990, at approximately 3:00 A.M., she was leaving the Detroit residence of Albert Murlone when she noticed that his car had two flat tires. Vann then heard defendant call her and saw him come toward her. Vann ran back into Murlone's house, where she heard a struggle at the door. She heard glass breaking and gun shots. Bullets penetrated the door, and one bullet ricocheted and struck Vann in the shoulder but did not injure her.

Murlone's testimony corroborated Vann's testimony. Murlone stated that he attempted to close the outer security door to his house that early morning, but that defendant held it open from the outside. Murlone saw defendant pull a gun from his right pocket. Murlone then closed the inner door. Defendant fired five shots into the door. Murlone then saw defendant drive away. The trial court allowed into evidence Murlone's photographs of the broken glass and bullet holes, as well as three bullets that were recovered.

Defendant testified that he attended a birthday party sometime after 10:00 P.M. on October 20, 1990, and left with Tommy Dean at approximately 2:00 A.M. Defendant stated that Dean dropped him off at the house of Ida McGarity in Mt. Clemens, where defendant stayed until about 11:00 A.M. Defendant denied being in Detroit at 3:00 A.M., claiming he did not know Murlone or where he lived. Defendant also denied owning a handgun. McGarity's testimony at trial corroborated defendant's testimony. [Unpublished opinion per curiam of the Court of Appeals, issued August 19, 1993 (Docket No. 142237).]

In connection with the alleged attack on Mr. Murlone, the defendant was charged with assault with intent to commit murder[1] and possession of a

---

[1] MCL 750.83; MSA 28.278.

firearm during the commission of a felony.[2] Following a preliminary examination, he was bound over for trial on the lesser charge of assault with intent to do great bodily harm less than murder[3] and felony-firearm.

The defendant waived his right to a trial by jury and proceeded to a bench trial in May 1991. Pearlie Vann was the first witness. As soon as she identified herself as the defendant's wife, the defendant's attorney objected to her testimony. Counsel submitted that MRE 501 precludes one spouse from testifying against another except in certain narrow and inapplicable circumstances.[4] After considerable discussion, and over the continuing objection of defense counsel, the court permitted Ms. Vann to testify.

The court found the defendant guilty of the lesser offense of felonious assault,[5] and of felony-firearm. The defendant was sentenced to serve a probation term of three years for the assault, and a consecutive two-year prison term for felony-firearm.

On appeal, the defendant argued that Ms. Vann's testimony violated MCL 600.2162; MSA 27A.2162, and prior decisions of this Court. The Court of Appeals reversed the defendant's convictions and remanded the matter to the trial court for a new trial, concluding that *People v Love,* 425 Mich 691, 696; 391 NW2d 738 (1986), required such relief. The Court of Appeals denied rehearing.

The Wayne County prosecutor has filed an appli-

[2] MCL 750.227b; MSA 28.424(2).

[3] MCL 750.84; MSA 28.279.

[4] MRE 501 provides:

Privilege is governed by the common law, except as modified by statute or court rule.

[5] MCL 750.82; MSA 28.277.

cation for leave to appeal from the decision of the Court of Appeals.

## II

The statutory spousal privilege appears in MCL 600.2162; MSA 27A.2162:

> A husband shall not be examined as a witness for or against his wife without her consent; *nor a wife for or against her husband without his consent, except* in suits for divorce and in cases of prosecution for bigamy, in cases of prosecution for a crime committed against the children of either or both, and *where the cause of action grows out of a personal wrong or injury done by one to the other* . . . . [Emphasis supplied.]

The statute was addressed in *Love,* where the defendant was accused of killing his wife's male companion and then kidnapping her. The murder case depended entirely on the testimony of the wife, who was a reluctant witness. The Court of Appeals held that the spousal privilege did not bar the wife's testimony because the murder was committed during the same criminal transaction as the kidnapping.

This Court reversed. A majority of justices agreed that the wife in *Love* could not testify in the murder prosecution because the offense against the third-party decedent occurred before the offense against the wife, i.e., the earlier murder could not "grow out of" the subsequent kidnapping. However, the wife could testify against her husband with regard to the kidnapping.

## III

The Court of Appeals reasoned in the instant

case, on authority of *Love,* that the defendant's convictions must be reversed. The panel explained:

> In this case, defendant was charged with and convicted of assault upon Murlone. Because the crimes charged were not committed against Vann, they do not fall within the "grows out of a personal wrong or injury" exception to the spousal privilege.

The Court of Appeals said that the error was not harmless beyond a reasonable doubt because it is unclear whether the trier of fact would have convicted the defendant absent Ms. Vann's testimony.

We disagree that the trial court erred in permitting Pearlie Vann to testify regarding the assault on Albert Murlone. In *Love,* the kidnapping of the defendant's wife occurred *after* the murder of the third party. Accordingly, the third party's cause of action did not "grow out of" the personal injury or wrong to the wife.

Here, however, the prosecution's evidence indicated that there was an assault on the defendant's wife, and that it occurred contemporaneously with the assault on the third party. In other words, unlike the situation in *Love,* the offense committed against the third party in the instant case did "grow out of" the personal wrong or injury done by the defendant to his wife. MCL 600.2162; MSA 27A.2162.

IV

For the reasons given, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Recorder's Court for the City of Detroit.

BRICKLEY, C.J., and BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

CAVANAGH, J. I respectfully dissent. As I interpret the language in the spousal-privilege statute, "[t]he phrase 'grows out of' indicates that the particular cause of action must be for the personal injury inflicted upon one spouse by the other." *People v Love,* 425 Mich 691, 702; 391 NW2d 738 (1986). Stated otherwise, "the crime charged must have been committed against the *witness-spouse* to come within the 'personal wrong or injury' exception." *Id.* at 703 (emphasis added).

In the instant case, the prosecutor did not charge the defendant for the crime he allegedly committed against his spouse. Consequently, under my view of the statute, the exception for allowing spousal testimony could not apply in this case, regardless of the temporal sequences of the alleged offenses. Because, as the Court of Appeals, I am not convinced that the admission of the wife's testimony constituted a harmless error beyond a reasonable doubt, I would hold that the defendant is entitled to a new trial.

LEVIN, J. (*dissenting*). The majority distinguishes *People v Love,* 425 Mich 691; 391 NW2d 738 (1986), on the ground that in this case Vann's conduct respecting his wife occurred at the same time as his scuffle with her lover.[1] As a result, the majority concludes that Vann's assault on the third party "did 'grow out of' the personal wrong or injury done by the defendant to his wife."[2]

This Court has held, however, that "grows out of a personal wrong or injury" codified common-law exceptions to the rule excluding spousal testimony. In *People v Quanstrom,* 93 Mich 254, 255; 53 NW 165 (1892), this Court said that the phrase was

---

[1] *Vann* is also unlike *Love* because Vann was not charged with a crime against his wife.

[2] *Ante* at 52.

"used in a restricted sense." This Court said that, if the phrase was intended to have a broad meaning, the exceptions for cases such as spousal maintenance lawsuits would have been unnecessary. The Court then surveyed the common-law exceptions to the rule against spousal testimony as well as more recent cases, and concluded:

> In the cases excluding the testimony of the wife, it is held that the legislature had imported into the statute the common-law rule, and that, before any departure from that rule . . . can be adjudged, the language declaring the legislative will should be so clear as to prevent doubt as to its intent and limit. The clear weight of authority supports the[se] principles . . . . [*Id.* at 260.][3]

Although *Quanstrom* held that a bigamy prosecution did not "grow[ ] out of a personal wrong or injury" done to the wife, the Legislature did not change the "growing out of" language. *Id.* at 254.[4] Instead, it added an exception for bigamy prosecutions.[5] Later exceptions added to the statute have also left the "growing out of" language intact.[6]

The common-law exception, which the statute codified, covered criminal prosecutions of a spouse for physically injuring the other spouse.[7] The exception is too narrow to fit the facts of this case.

---

[3] See also *Love, supra* at 710-712 (BOYLE, J., dissenting) noting that *Quanstrom* construed the exception as a codification of the common law, but arguing that the common-law construction should be abandoned.

[4] This court criticized *Quanstrom* in another per curiam opinion, *People v Butler,* 430 Mich 434, 439-442; 424 NW2d 264 (1988), for holding that bigamy was not a "personal wrong or injury." But it did not question *Quanstrom*'s view that the phrase is based on the common law.

[5] 1897 PA 212.

[6] See, e.g., 1915 PA 314, ch xvii, § 67 (actions for divorce); 1939 PA 82 (crimes "committed against the children of either or · both" spouses).

[7] *Quanstrom, supra* at 255; *People v Sebring,* 66 Mich 705, 706-707; 33 NW 808 (1887).

Although their language differs, the spousal privilege statutes of most states include exceptions for crimes committed by one spouse against the other.[8] Courts in these jurisdictions have reached a variety of results when faced with cases factually similar to this one. Some, like *Quanstrom,* have required that the defendant actually be charged with a crime against the witness spouse.[9]

Others have broadly construed such statutes.[10] In *Fortes v People,* 113 Cal App 3d 704, 708; 170 Cal Rptr 292 (1980), a California appellate court held that, for the exception to apply, it was not necessary to charge a defendant with committing a crime against his wife. But "the People must make at least a prima facie showing" that defendant has committed a crime against his wife.

Leave to appeal should either be granted, or denied. The majority's decision to peremptorily reverse the Court of Appeals belittles its efforts, in the disposition of this case, as reflected in its carefully written, albeit unpublished, opinion, and deprives Vann and his counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.

---

[8] See, e.g., 42 Pa Cons Stat Ann 5913; NJ Rule of Evidence 23(2)(b); Tex Code Crim P Ann 38.11.

[9] *Jenkins v Commonwealth,* 219 Va 764, 767; 250 SE2d 763 (1979); *Commonwealth v Scott,* 516 Pa 346, 348-350; 532 A2d 426 (1987); *Young v Texas,* 603 SW2d 851, 852 (Tex Crim App, 1980); *Missouri v Manning,* 657 SW2d 301, 302 (Mo App, 1983); *New Jersey v Eason,* 138 NJ Super 249, 255; 350 A2d 506 (1975); 2 Wharton, Criminal Evidence (14th ed), § 367, pp 473-474.

[10] *Loesche v Alaska,* 620 P2d 646, 650 (Alas, 1980) (allowing testimony of a spouse who was in the room when the defendant killed a third party); *Arizona v Whitaker,* 122 Ariz 537, 542; 544 P2d 219 (1977) (similar to *Loesche*); *Maiben v Mississippi,* 405 So 2d 87, 89 (Miss, 1981) (allowing a wife to testify after she scuffled with her defendant husband who had just killed a third party); *Washington v Thompson,* 88 Wash 2d 518, 524; 564 P2d 315 (1977) (allowing a wife to testify in a defendant's trial for murder that allegedly occurred more than eight hours after the defendant hit his wife in the face and beat her with a rubber hose).

Today's peremptory decision reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.

When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on perusal of the materials considered before voting for peremptory reversal might be enlightened and persuaded in the course of oral argument.

Also lost, when this Court acts without plenary consideration, is the opportunity for conference discussion after oral argument.

Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[11] In the instant case, factual and legal

[11] *People v Wright*, 439 Mich 914, 914-915 (1992) (LEVIN, J., dissenting); *Roek v Chippewa Valley Bd of Ed*, 430 Mich 314, 322 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co*, 434 Mich 867, 868-875 (1990) (LEVIN, J., dissenting); *People v Little*, 434 Mich 752, 769-770 (1990) (LEVIN, J., dissenting); *People v Wrenn*, 434 Mich 885, 885-886 (1990) (LEVIN, J., dissenting); *Harkins v Northwest Activity Center, Inc*, 434 Mich 896, 899 (1990) (LEVIN, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co*, 435 Mich 508, 515 (1990) (LEVIN, J., separate opinion); *Yahr v Garcia*, 436 Mich 872, 872-873 (1990) (LEVIN, J., dissenting); *Universal Underwriters Ins Co v Vallejo*, 436 Mich 873, 873-874 (1990) (LEVIN, J., dissenting); *People v Stephens*, 437 Mich 903, 903-910 (1991) (LEVIN, J., dissenting); *People v Berkey*, 437 Mich 40, 54 (1991) (LEVIN, J., dissenting); *Turner v Washtenaw Co Rd Comm*, 437 Mich 35, 38-39 (1991) (LEVIN, J., separate opinion); *Lepior v Venice Twp*, 437 Mich 955, 956-966 (1991) (LEVIN, J., dissenting); *Rochester Hills v Southeastern Oakland Co Resource Recovery Authority*, 440 Mich 852, 852-856 (1992) (LEVIN, J., dissenting); *In re Reinstatement of Eston (Grievance Administrator v Eston)*, 440 Mich 1205, 1205-1207 (1992) (LEVIN, J., dissenting); *In re Reinstatement of Callanan*, 440 Mich 1207, 1207-1209 (1992) (LEVIN, J., dissenting); *McFadden v Monroe Civil Service*

assessment is required. Peremptory disposition is
not appropriate.

MRE 501 provides:

> Privilege is governed by the common law, except
> as modified by statute or court rule.

In *Butler* and today in *Vann* the Court adds an
additional exception: "or per curiam opinion pe-
remptorily reversing the Court of Appeals."

*Comm,* 440 Mich 890, 890-891 (1992) (LEVIN, J., dissenting); *Holly Twp
v Dep't of Natural Resources (Holly Twp v Holly Disposal, Inc),* 440
Mich 891, 891-893 (1992) (LEVIN, J., dissenting); *Marzonie v ACIA,* 441
Mich 522, 535-539 (1992) (LEVIN, J., dissenting); *People v Waleed,* 441
Mich 902, 902-903 (1992) (LEVIN, J., dissenting); *People v Hardison,*
441 Mich 913, 914-916 (1993) (LEVIN, J., dissenting); *People v Justice,*
441 Mich 916, 917-919 (1993) (LEVIN, J., dissenting); *People v LaClear,*
442 Mich 867, 867-871 (1993) (LEVIN, J., dissenting); *Auto-Owners Ins
Co v City of Clare,* 446 Mich 1, 16-18 (1994) (LEVIN, J., dissenting);
*Weisgerber v Ann Arbor Center for the Family,* 447 Mich 963, 964-
969 (1994) (LEVIN, J., dissenting); *Howard v White,* 447 Mich 395, 405-
410; 523 NW2d 220 (1994) (LEVIN, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791 (1981) (Marshall, J.,
dissenting) ("A summary reversal is a rare disposition, usually re-
served by this Court for situations in which the law is settled and
stable, the facts are not in dispute, and the decision below is clearly
in error"); *Leis v Flynt,* 439 US 438, 457-458 (1979) (Stevens, J.,
dissenting) ("Summary reversal 'should be reserved for palpably clear
cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39
L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]").