AUTO-OWNERS INSURANCE COMPANY v FARM BUREAU
MUTUAL INSURANCE COMPANY

Docket No. 102115. Submitted March 17, 1988, at Lansing. Decided
September 6, 1988. Leave to appeal applied for.

Justine Bravata and her daughter were injured in an automobile
accident while driving in a truck belonging to Justine's father,
with whom they lived. The father was insured by defendant,
Farm Bureau Mutual Insurance Company, with a policy that
contained a coordination-of-benefits clause. Justine's estranged
husband was insured by plaintiff, Auto-Owners Insurance Com-
pany, with a policy that did not have a coordination-of-benefits
clause. Justine had no insurance of her own and was not a
named insured on either policy. Plaintiff paid to Justine and
her daughter the personal protection benefits due and filed a
declaratory judgment action in the Saginaw Circuit Court
seeking full or partial recoupment of the payments from defen-
dant. The trial court, Robert L. Kaczmarek, J., ruled that the
insurers were of equal priority and that the coordination-of-
benefits clause in defendant's policy could not be applied to
another no-fault insurer. Defendant appealed from an order
granting plaintiff summary disposition and the judgment en-
tered thereafter.

The Court of Appeals *held:*

Logic dictates that defendant's coordination-of-benefits provi-
sion should be given effect. Giving effect to this clause in the
context of two equal priority no-fault insurers is not contrary to
statute or case law and is consistent with the legislative intent
behind the section of the no-fault act which authorizes a
coordination-of-benefits clause.

The summary disposition granted in favor of plaintiff is
reversed and the case is remanded for entry of summary
disposition in favor of defendant.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.,* 432 *et seq.*
Am Jur 2d, Insurance § 271.
See the Index to Annotations under Automobile Insurance; Insur-
ance; Other Insurance.

1. INSURANCE — NO-FAULT — MULTIPLE COVERAGE — RECOUPMENT.
   A full benefits no-fault automobile insurance policy of the same priority as a no-fault policy containing a coordination-of-benefits clause constitutes "other health and accident coverage" within the meaning of the no-fault act's section which authorizes such a coordination of benefits clause (MCL 500.3109a; MSA 24.13109[1]).

2. INSURANCE — JUDICIAL CONSTRUCTION.
   Any clause in an insurance contract is valid and enforceable as long as it is clear, unambiguous and consistent with public policy.

*Charles F. Filipiak,* for plaintiff.

*Gault, Davison, Bowers & Hill* (by *Edward B. Davison*), for defendant.

Before: GRIBBS, P.J., and BEASLEY and G. A. DRAIN,* JJ.

G. A. DRAIN, J. Defendant appeals as of right from a June 8, 1987, judgment entered in Saginaw Circuit Court. Defendant challenges a February 25, 1987, order granting plaintiff summary disposition, under MCR 2.116(C)(10), entered in the circuit court. In a written opinion issued February 10, 1987, the judge ruled that because defendant was the first priority no-fault insurer defendant's coordination of benefits clause could not be applied to plaintiff, the second no-fault insurer in the statutory order of priority. In response to defendant's motion for reconsideration, the court issued an opinion on March 10, 1987, ruling that under MCL 500.3114(1); MSA 24.13114(1) plaintiff and defendant were of equal priority, but that the coordination-of-benefits clause in defendant's policy could not be applied to another no-fault insurer. We reverse and remand with instructions.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The sole issue presented on this appeal is whether a full benefits no-fault policy of the same priority as a coordinated benefits no-fault policy constitutes "other health and accident coverage" within the meaning of MCL 500.3109a; MSA 24.13109(1).

MCL 500.3109a; MSA 24.13109(1) authorizes a no-fault insurance carrier to offer a policy with a coordination-of-benefits clause:

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

Justine Bravata and her daughter Jamie were injured in an automobile accident while driving in a truck belonging to Pierce Hock, Justine's father. Hock, with whom Justine and Jamie lived, was covered by defendant's no-fault policy that contained a coordination-of-benefits clause authorized by the above statute. Justine's estranged husband, Thomas Bravata, was covered by a no-fault policy issued by plaintiff that did not have a coordination-of-benefits clause. Justine Bravata had no insurance of her own, nor was she a named insured on either her husband's or her father's policy.

Under MCL 500.3114(1); MSA 24.13114(1), a policy of no-fault insurance provides coverage for "accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the

injury arises from a motor vehicle accident." Thus, under this section of the no-fault act, Justine Bravata was entitled to coverage from both plaintiff and defendant. Plaintiff paid the personal protection benefits due and filed a declaratory action seeking full or partial recoupment of these payments from defendant.

The trial court ultimately ruled that the case was controlled by *Michigan Mutual Ins Co v Allstate Ins Co,* 426 Mich 346; 395 NW2d 192 (1986), in which our Supreme Court said: "We hold that an insurer of an injured person's spouse and the insurer of a relative domiciled in the same household are in the same order of priority." *Id.,* p 352. Therefore, the trial court concluded, plaintiff and defendant were equally liable for payment of benefits to Justine Bravata under MCL 500.3115(2); MSA 24.13115(2), which states:

> When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

Furthermore, the trial court said that the coordination-of-benefits clause in defendant's policy could not be applied to plaintiff's policy because no-fault coverage was not within the intended scope of the phrase "other health and accident coverage" as used in MCL 500.3109a; MSA 24.13109(1), the section that authorizes no-fault insurers to include coordination-of-benefits provisions in their policies.

The question whether no-fault coverage with a

coordination-of-benefits provision is excess coverage over equal priority no-fault coverage without such a clause appears to be an issue of first impression for this Court. Michigan courts have considered coordination-of-benefits issues in other contexts, however.

For example, in *Nyquist v Aetna Ins Co,* 84 Mich App 589; 269 NW2d 687 (1978), aff'd 404 Mich 817 (1979), this Court held that Blue Cross-Blue Shield benefits were subject to coordination with personal injury protection benefits payable under a no-fault policy containing the § 3109a clause and offered at a reduced premium. Although Blue Cross-Blue Shield is technically not "insurance," this Court reasoned that the Legislature clearly intended to include this type of medical benefits coverage within the scope of § 3109a. In numerous other decisions, this Court has expanded the scope of coverages included within the meaning of "other health and accident coverage" subject to § 3109a coordination of benefits: *Lewis v Transamerica Ins Corp of America,* 160 Mich App 413; 408 NW2d 458 (1987), lv den 429 Mich 855 (1987) (benefits under Teamsters Welfare Plan); *Auto-Owners Ins Co v Lacks Industries,* 156 Mich App 837; 402 NW2d 102 (1986), lv den 428 Mich 902 (1987) (employer's self-insurance plan); *United States Fidelity & Guaranty Co v Group Health Plan of Southeast Michigan,* 131 Mich App 268; 345 NW2d 683 (1983) (health maintenance organizations); *Bagley v State Farm Mutual Automobile Ins Co,* 101 Mich App 733; 300 NW2d 322 (1980) (military medical and disability benefits).

In *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981), reh den 411 Mich 1119 (1981), our Supreme Court held that the legislative intent behind enactment of § 3109a was an attempt to eliminate the existing

problem of overlapping coverages between medical expenses payable under no-fault policies and insurance-type health and accident coverages. The goal was to reduce the cost of no-fault insurance by allowing insurers to offer policies that would coordinate benefits with other similar coverages in return for charging a statutorily mandated reduced premium.

In holding that Medicare payments were "other health and accident coverage" within the meaning of § 3109a, our Supreme Court said:

> Furthermore, the fact that "other health and accident coverage" immediately follows a reference to "personal protection insurance benefits" compels a conclusion that "other health and accident coverage" clearly means coverage other than personal protection insurance benefits payable under any no-fault policy. [*Id.,* p 201.]

Our Supreme Court has also addressed the question of insurer priority between overlapping medical expenses coverage when both the no-fault policy and a group health insurance policy contain coordination-of-benefits provisions. Just as no-fault insurers are statutorily authorized to coordinate benefits payable under other similar applicable coverages, MCL 500.3610a; MSA 24.13610(1) authorizes group disability insurers to coordinate benefits otherwise payable under other coverage, including automobile medical payments insurance.

In *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986), our Supreme Court held that when the insured's no-fault policy and group health insurance policy both contain coordination-of-benefits clauses the no-fault policy must prevail, rendering the health insurer primarily liable. The Court pointed to the mandatory nature of no-fault insur-

ance coverage. The no-fault act requires that coordination of benefits must be offered at reduced rates. The insured may elect to obtain required coverage at a lower rate, while the insurer's reduced profit is offset by the reduction in its potential liability. On the other hand, health and accident insurers are not required to reduce their premiums even though they are statutorily authorized to coordinate benefits. Therefore, the Court concluded, giving effect to a no-fault coordination-of-benefits clause over the corresponding health insurance coordination-of-benefits provisions furthers the legislative purpose of containing both automobile insurance costs and health care costs. Giving effect to the health insurance coordination-of-benefits clause would not necessarily do either.

This holding also furthers the Legislature's intent to leave the option to elect coordination of benefits with the insured, rather than the insurer. However, the Court also noted that in the absence of a coordination-of-benefits clause in the no-fault policy the health insurer would be allowed to coordinate its coverage with no-fault benefits.

This Court believes that this same reasoning supports allowing coordination of benefits between applicable no-fault medical payments coverages of the same priority level. In the present case, defendant's insured, Pierce Hock, the injured person's father, elected to pay a lower premium for a policy that would coordinate benefits with other applicable health and accident insurance. On the other hand, the no-fault coverage purchased from plaintiff by the injured person's spouse was a "full benefits" policy without a coordination-of-benefits provision. The coordination-of-benefits clause contained in defendant's policy was authorized by statute for the express purpose of lowering automobile insurance costs. The no-fault insurer cannot coordinate benefits unless the insured elects

this coverage *and* a statutorily mandated lower premium is charged. Plaintiff's insured, by contrast, elected full benefits coverage and paid the higher premium. Logic dictates that defendant's coordination-of-benefits provision should be given effect.

Any clause in an insurance contract is valid and enforceable as long as it is clear, unambiguous and consistent with public policy. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 361-362; 314 NW2d 440 (1982), reh den 412 Mich 1119 (1982). The coordination-of-benefits clause in defendant's policy is not only clear and unambiguous, it is consistent with the legislative intent behind § 3109a of the no-fault act. Furthermore, giving effect to this clause in the context of two equal priority no-fault insurers is not contrary to statute or case law.

The trial court, in its opinion, and plaintiff, on appeal, focused on our Supreme Court's statement in *LeBlanc v State Farm,* 410 Mich 201: " '[O]ther health and accident coverage' clearly means coverage other than personal protection insurance benefits payable under any no-fault policy." Plaintiff suggests, as the trial court concluded, that this was a holding by our Supreme Court that § 3109a coordination of benefits cannot be applied between two no-fault insurers. However, this Court notes that this statement was made in the context of whether Medicare payments were subject to coordination with no-fault benefits "payable under any no-fault policy." This Court believes that the *LeBlanc* Court would reach a different conclusion when considering the factual context of the present case.

This Court reverses the trial court's grant of summary disposition, under MCR 2.116(C)(10), in

favor of plaintiff and remands this case for entry of summary disposition in favor of defendant.

Reversed and remanded.