TRANSAMERICA INSURANCE GROUP v AMERICAN
COMMUNITY MUTUAL INSURANCE COMPANY

Docket No. 104927. Submitted December 12, 1988, at Lansing. Decided February 23, 1989.

Transamerica Insurance Group, the no-fault automobile insurance carrier of several individuals who had elected to coordinate no-fault personal injury protection coverage with their health insurance coverage, brought an action in Ingham Circuit Court against American Community Mutual Insurance Company, the individuals' health insurance carrier, after defendant refused to pay the individuals' medical expenses incurred as a result of automobile accidents. The court, James R. Giddings, J., granted summary disposition in favor of plaintiff, ruling that there were no genuine issues of material fact and that plaintiff was entitled to judgment as a matter of law. Defendant appealed.

The Court of Appeals *held:*

Where an insured has elected pursuant to MCL 500.3109a; MSA 24.13109(1) to coordinate no-fault personal injury benefits with health insurance, the health insurance carrier is primarily liable for payment of the insured's medical expenses resulting from injuries suffered in an automobile accident.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — COORDINATION OF BENEFITS.

A health insurance carrier is primarily liable for payment of an insured's medical expenses resulting from injuries suffered in an automobile accident where the insured elected to coordinate no-fault personal injury protection benefits with health insurance (MCL 500.3109a; MSA 24.13109[1]).

*Foster, Swift, Collins & Coey, P.C. (by George M. Brookover and Ruth E. Johnson),* for plaintiff.

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich* and *Kevin J. Moody*), for defendant.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

SHEPHERD, P.J. Defendant appeals as of right from a November 5, 1987, order granting summary disposition in favor of plaintiff on the basis that the insurance contract clauses at issue were governed by MCL 500.3109a; MSA 24.13109(1) and *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). We affirm.

Plaintiff was the no-fault insurer of certain individuals who sustained injuries and incurred medical expenses as a result of automobile accidents. These individuals were also insured under various group and individual health insurance policies issued by defendant. When they applied for no-fault personal injury protection benefits, plaintiff, relying on the coordination of benefits clause in the policies, referred them to their health insurer. Defendant refused to pay benefits to group insurance policy holders based upon a maximum benefit limitation clause which provided no coverage

> for any loss caused by accidental bodily injury which arises out of or results from an automobile accident when benefits are provided under the Michigan No-Fault Insurance Act (Act No. 294 of the Public Act of 1972) including any amendments thereto, exceeding three hundred dollars ($300) for any one insured person as a result of any Automobile Accident.

Defendant denied liability to the individual pol-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

icy holders based upon a variable deductible clause which provided:

> Deductible Amount. The "Deductible Amount" applicable to expenses incurred as a result of Covered Injuries or Covered Sicknesses is the greater of (a) the amount of benefits provided by Other Insurance Coverage as a result of such injury or sickness or (b) the Minimum Deductible Amount specified in the Policy Schedule.

Upon learning of the defendant's refusal to pay benefits, plaintiff paid the insureds' expenses. Subsequently, plaintiff sought and obtained subrogation receipts assigning their rights of action against defendant. Since each case involved common questions of law and fact, the parties stipulated to consolidation.

In granting plaintiff's motion for summary disposition under MCR 2.116(C)(10), the trial court found that the clauses of the policies issued by plaintiff and defendant conflicted. The trial court applied *Federal Kemper,* invalidated the variable deductible provisions and the $300 limit to the extent that they purported to restrict the liability of defendant, and held that the health insurer was primarily liable for the subrogors' medical expenses. We agree with the trial court.

Section 3109a of the no-fault act, MCL 500.3109a; MSA 24.13109(1), provides:

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and

any relative of either domiciled in the same household.

In *Federal Kemper, supra,* p 551, our Supreme Court held that a health insurer is primarily liable when a no-fault insured elects to coordinate benefits pursuant to § 3109a. Subsequently, in *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987), lv den 430 Mich 884 (1988), this Court applied *Federal Kemper* to the same insurance clauses at issue in this case and concluded that defendant health insurer is primarily liable for payment of the insureds' medical expenses. We agree with the reasoning of *Michigan Mutual* and, accordingly, hold that the defendant similarly is primarily liable for the medical expenses of the insureds in this case.

Defendant raises several other issues to argue that *Michigan Mutual* was wrongfully decided or that the record in this case warrants a different result from *Federal Kemper.*

Relying on MCR 2.116(G)(4), defendant contends that summary disposition was inappropriate because plaintiff did not establish that it actually offered reduced premium rates to its insureds. We disagree. As a preliminary matter, we note that this was a subrogation action and, hence, plaintiff, as subrogee, stood in the shoes of the insureds and could enforce their right to payment. See *Tel-Twelve Shopping Center v Sterling Garrett Construction Co,* 34 Mich App 434, 439; 191 NW2d 484 (1971). Plaintiff relied on the terms of the insurance policies to enforce these rights. As the party opposing the motion, MCR 2.116(G)(4) then imposed a burden on defendant to set forth specific facts showing a genuine issue of material fact for trial. *Jubenville v West End Cartage, Inc,* 163

Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987). Having failed to do so, summary disposition was appropriate.

If defendant wanted to argue that a prerequisite to the insured's right to benefits, and plaintiff's right by way of subrogation, was proof of a reduced rate, defendant should have raised this issue below. Issues not raised and decided in the trial court are not properly preserved for appeal. *Napier v Jacobs,* 429 Mich 222, 233; 414 NW2d 862 (1987); *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987). Given the mandatory nature of § 3109a, *Federal Kemper, supra,* p 546, we find no compelling circumstances that justify deviating from this general rule. *Napier, supra,* p 237.

Defendant also attempts to distinguish this case from *Federal Kemper* by arguing that § 3109a should be harmonized with §§ 3610a and 3438 of the Insurance Code, MCL 500.3610a; MSA 24.13610(1) and MCL 500.3438; MSA 24.13438. Section 3610a allows group disability insurers to offer coordinated benefits to its insureds; § 3438 allows coordination of benefits clauses in disability insurance policies.

The trial court addressed § 3610a, although noting that it was not in effect at the time the policies at hand were issued and that defendant did not establish the applicability of § 3610a to this case. We agree with the trial court's conclusion that § 3610a does not affect defendant's primary liability pursuant to § 3109a. Unlike § 3109a, which mandates that no-fault insurers offer coordination of benefits clauses at reduced rates, the language of § 3610a is permissive. Further § 3610a does not require the group disability insurer to reduce the premiums. Under these circumstances, a harmo-

nization of § 3610a with § 3109a does not distinguish this case from the holding in *Federal Kemper.* To the contrary, giving effect to the no-fault coordination of benefits clause over the corresponding coordination of benefits clause in the health insurance policy furthers the legislative purpose of containing both automobile insurance costs and health care costs, while eliminating duplicate recovery. *Federal Kemper, supra,* p 551; *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 171 Mich App 46, 51-52; 429 NW2d 637 (1988).

Defendant's argument premised on § 3438 was not presented to the trial court and, hence, is not properly before this Court. In any event, § 3438, like § 3610a, is optional. Thus, even if defendant had demonstrated the applicability of § 3438 to the case at hand in the trial court, we do not believe that it would affect the applicability of *Federal Kemper* to this case.

Defendant's other attempts to distinguish this case from *Federal Kemper* are similarly unpersuasive. With regard to defendant's argument that § 3109a should be read with § 3109(3), MCL 550.3109(3); MSA 24.13109(3), a permissive section enabling no-fault insurers to offer deductibles not exceeding $300, we adopt the reasoning of *Michigan Mutual.* With regard to defendant's assertion that *Federal Kemper* does not apply to private insurers, we find that this issue is not properly before us since it was not presented to the trial court. In any event, we note that our Supreme Court in *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 202-203; 301 NW2d 775 (1981), held that the Legislature intended to give "unrestrained application of § 3109a to health and accident coverage from whatever source."

In sum, we conclude that the trial court correctly applied § 3109a to this case. By mandating

that no-fault insurers offer coordination of benefit clauses at appropriately reduced rates, the Legislature expressed a clear intent that the no-fault insurer not have primary liability under any circumstances when the insured elects to coordinate benefits. Although a health insurance carrier that coordinates benefits may become secondary to a carrier other than a no-fault carrier, the no-fault carrier cannot under any circumstances be primary.

Affirmed.