DEPARTMENT OF SOCIAL SERVICES v AMERICAN
COMMERCIAL LIABILITY INSURANCE COMPANY

Docket No. 85493. Decided August 28, 1990. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, reversed the judgments of the Court of Appeals
and the circuit court and remanded the case to the circuit court
for further proceedings. Rehearing denied 437 Mich 1201.

An uninsured motorist collided with a motorcycle operated by
Gerald Wilson, seriously injuring him and killing his passen-
ger, Monique Wilson. Neither the owner nor the operator of the
automobile was insured. The Wilsons were covered by three
policies that had been issued by three different insurers to their
aunt with whom they lived. The policies issued by State Farm
Insurance Company and Allstate Insurance Company provided
for coördination of benefits; the policy issued by American
Commercial Liability Company did not. The Department of
Social Services, as subrogee of Gerald Wilson and Monique
Wilson, brought two actions in the Ingham Circuit Court
against the insurers, seeking recovery of insurance proceeds
owed to the Wilsons, after failing to obtain reimbursement
from the insurers of the Wilsons' medical expenses paid by the
department through its medical assistance program. The cases
were consolidated in the circuit court. The court, James R.
Giddings, J., granted summary disposition for State Farm and
Allstate and entered judgment against American Commercial.
The Court of Appeals, MacKENZIE, P.J., and WEAVER and E. A.
QUINNELL, JJ., affirmed in an unpublished opinion per curiam,
holding that by operation of the coördination of benefits
clauses, State Farm and Allstate were made secondary insurers
and American Commercial became the primary insurer (Docket
No. 107100). American Commercial seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY and
Justices BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN,
the Supreme Court *held:*

A full-benefits no-fault policy that has the same statutory
priority as a coördinated no-fault policy is not "other health
and accident coverage" within the meaning of MCL 500.3109a;
MSA 24.13109(1). Thus, a no-fault insurer that has issued a
coördinated policy may not coördinate benefits so as to place

the full obligation to pay on a no-fault insurer that is of equal statutory priority and that has issued a full-benefits policy. In this case, each insurer must share the cost of the personal protection insurance benefits.

"Other health and accident coverage" clearly means coverage other than personal protection insurance benefits payable under a no-fault policy. The purpose of MCL 500.3109a; MSA 24.13109(1) was to eliminate duplicate coverage. There is no duplicate coverage under the no-fault act, however, because insurers are given priorities, and, where the priorities are equal, the liability is divided, not duplicated.

Reversed and remanded.

Justice LEVIN stated that leave should be granted in this case. Peremptory reversal should be reserved for cases in which the law is settled.

*Robert S. Welliver* for the plaintiff.

*Christopher G. Manolis* for defendant American Commercial Liability Insurance Company.

*Ernst W. Kuck* for defendant State Farm Insurance Company.

*Timothy J. Batton* for defendant Allstate Insurance Company.

PER CURIAM. The defendants are insurance companies that cannot agree with regard to their respective liability for personal protection insurance (first-party) benefits[1] that are payable to the plaintiff's subrogors. The Court of Appeals has concluded that the obligation must be borne by defendant American Commercial Insurance Company. We conclude, however, that the Legislature has directed that the obligation be shared equally by these defendant insurers.

I

This case arises out of an accident that occurred

---

[1] MCL 500.3107; MSA 24.13107.

on August 22, 1985. An automobile collided with a motorcycle operated by Gerald Wilson. His passenger was Monique Wilson. Mr. Wilson was seriously injured; Ms. Wilson was killed.

Neither the owner nor the operator of the automobile was insured. The owner of the motorcycle was likewise uninsured. Further, neither Wilson had purchased an insurance policy. They were, however, covered by three policies that had been issued to their aunt, Mary N. Taylor, with whom they lived.[2]

Each of the defendant insurance companies had insured one of Ms. Taylor's three vehicles. The policies issued by State Farm Insurance Company and by Allstate Insurance Company provided for coördination of benefits.[3] The policy issued by American Commercial Liability Insurance Company did not. The insurers agree that, aside from the possible effect of the coördination-of-benefits clauses, they are of equal priority under the no-fault act.

Following the accident, the medical expenses of Mr. Wilson and Ms. Wilson were met by the Department of Social Services through its medical assistance program (Medicaid).[4] After paying over $120,000 in medical and related expenses, the DSS sought reimbursement from the defendant insurers. When no payment was received, the DSS exercised its statutory[5] right to bring a subrogation action to recover the insurance proceeds that were owed to the Wilsons.

---

[2] MCL 500.3114(1); MSA 24.13114(1). (This case would fall within MCL 500.3114[5]; MSA 24.13114[5], but for the inapplicability of paragraphs [a] through [d] in MCL 500.3114[5]; MSA 24.13114[5].)

[3] MCL 500.3109a; MSA 24.13109(1).

[4] MCL 400.105 *et seq.*; MSA 16.490(15) *et seq.*

[5] MCL 400.106(1)(b)(ii)(b); MSA 16.490(16)(1)(b)(ii)(b).

II

In August 1986, the DSS filed in circuit court a pair of complaints, one pertaining to Mr. Wilson, and one to Ms. Wilson. The circuit court later consolidated the cases.

To date, no genuine controversy has arisen concerning whether the DSS must be reimbursed. All appear to agree that such payment must be made. The issue is whether the burden must be borne by American Commercial alone on the ground its policy provided full benefits, whereas the policies issued by State Farm and Allstate provided coördinated benefits. American Commercial believes that, because the three insurers are of equal priority, each must share the burden equally.

In circuit court, State Farm and Allstate moved for summary disposition, urging that American Commercial alone is liable. After considering the arguments of the parties, the circuit judge granted the motions. The court ordered that the DSS take judgment against American Commercial "for whatever amount of damages are [sic] established," and that a dismissal enter in favor of State Farm and Allstate.

III

The Court of Appeals affirmed the summary disposition.[6] In explaining its decision, the Court relied upon *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 171 Mich App 46; 429 NW2d 637 (1988):

We agree with the trial court's decision. State Farm and Allstate both had coördination of bene-

---

[6] *Dep't of Social Services v American Commercial Liability Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided January 30, 1989 (Docket No. 107100).

fits clauses in their policies which allowed the policyholder to pay a lower premium. American Commercial did not have a coördination of benefits clause in its policy. By operation of the coördination of benefits clauses, State Farm and Allstate were made secondary insurers and American Commercial became the primary insurer. MCL 500.3109a; MSA 24.13109(1), MCL [500.]3115(2); MSA 24.13115(2); *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 171 Mich App 46, 49-53; [429] NW2d [637] (1988). As the primary insurer, American Commercial is solely responsible for the amount owed to DSS. *Auto-Owners, supra.*

American Commercial then applied to this Court for leave to appeal, urging us to reverse the judgments of the circuit court and the Court of Appeals. After deciding to grant leave to appeal in *Auto-Owners,*[7] we issued an order holding the present case in abeyance pending our decision in *Auto-Owners.*[8]

The parties in the *Auto-Owners* case settled their dispute, however, and stipulated to a dismissal of the appeal.[9] Thus we turn again to consideration of the present case.

IV

In *Auto-Owners,* the Court of Appeals considered the issue "whether no-fault coverage with a coördination-of-benefits provision is excess coverage over equal priority no-fault coverage without such a clause," which it characterized as "an issue of first impression." *Id.* at 49-50. After noting that the statutory phrase "other health and accident cover-

[7] *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 433 Mich 880 (1989).

[8] *Dep't of Social Services v American Commercial Liability Ins Co,* unpublished order of the Supreme Court, dated September 28, 1989 (Docket No. 85493).

[9] See n 7.

age" has been applied in a variety of contexts,[10] the Court of Appeals turned to our decision in *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 201; 301 NW2d 775 (1981). In that decision, we stated:

> Furthermore, the fact that "other health and accident coverage" immediately follows a reference to "personal protection insurance benefits" compels a conclusion that "other health and accident coverage" clearly means coverage other than personal protection insurance benefits payable under any no-fault policy.

The Court of Appeals panel that decided *Auto-Owners* chose not to rely upon the quoted statement from *LeBlanc,* however. The panel observed that *LeBlanc* concerned whether Medicare benefits were subject to coördination, and predicted that this Court "would reach a different conclusion" if presented with a case directly posing the question

---

[10] For example, in *Nyquist v Aetna Ins Co,* 84 Mich App 589; 269 NW2d 687 (1978), aff'd 404 Mich 817 [280 NW2d 792] (1979), this Court held that Blue Cross-Blue Shield benefits were subject to coördination with personal injury protection benefits payable under a no-fault policy containing the § 3109a clause and offered at a reduced premium. Although Blue Cross-Blue Shield is technically not "insurance," this Court reasoned that the Legislature clearly intended to include this type of medical benefits coverage within the scope of § 3109a. In numerous other decisions, this Court has expanded the scope of coverages included within the meaning of "other health and accident coverage" subject to § 3109a coördination of benefits: *Lewis v Transamerica Ins Corp of America,* 160 Mich App 413; 408 NW2d 458 (1987), lv den 429 Mich 855 (1987) (benefits under Teamsters Welfare Plan); *Auto-Owners Ins Co v Lacks Industries,* 156 Mich App 837; 402 NW2d 102 (1986), lv den 428 Mich 902 (1987) (employer's self-insurance plan); *United States Fidelity & Guaranty Co v Group Health Plan of Southeast Michigan,* 131 Mich App 268; 345 NW2d 683 (1983) (health maintenance organizations); *Bagley v State Farm Mutual Automobile Ins Co,* 101 Mich App 733; 300 NW2d 322 (1980) (military medical and disability benefits). [*Auto-Owners,* 171 Mich App 50.]

found in *Auto-Owners* and the present case. 171 Mich 53. Thus the *Auto-Owners* panel concluded that the insurer that had issued coördinated-benefits coverage (Farm Bureau) should prevail over the insurer that had issued a full-benefits policy (Auto-Owners).

v

In the present case, the insurers agree that they are of equal statutory priority. Each must therefore share the cost of the personal protection insurance benefits that have been paid by the DSS, unless the coördination-of-benefits clauses in the State Farm and Allstate policies can be invoked with respect to the full-benefits policy issued by American Commercial.

It is true, as the Court of Appeals observed in *Auto-Owners,* that our *LeBlanc* decision concerned another issue.[11] However, we adhere to our conclusion in *LeBlanc* that the phrase "other health and accident coverage" clearly means coverage other than personal protection insurance benefits payable under a no-fault policy. We again emphasize that, in crafting MCL 500.3109a; MSA 24.13109(1), the Legislature placed the reference to "other health and accident coverage" immediately after a reference to "personal protection insurance benefits."

The legislative history of MCL 500.3109a; MSA 24.13109(1) was presented in our *LeBlanc* opinion. 410 Mich 194-197. See also *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 546-550; 383 NW2d 590 (1986). While the legislative history of MCL 500.3109a; MSA 24.13109(1) is not dispositive, it supports our con-

---

[11] Indeed, the holding in *LeBlanc* has been substantially affected by federal law. See 42 USC 1395y(b)(1).

clusion. That is, the purpose of MCL 500.3109a; MSA 24.13109(1) was to eliminate duplicate coverage, typically where automobile insurance and health insurance would both be available to an injured motorist. However, there is no duplicate coverage under the no-fault act, since insurers are given priorities, and, where the priorities are equal, the liability is divided, not duplicated.[12]

A full-benefits no-fault policy having the same statutory priority as a coördinated no-fault policy does not constitute "other health and accident coverage" within the meaning of MCL 500.3109a; MSA 24.13109(1). Thus a no-fault insurer that has issued a coördinated policy may not "coördinate" benefits so as to place the full obligation to pay on a no-fault insurer that is of equal statutory priority, and that has issued a full-benefits policy.

For these reasons, and in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

LEVIN, J. (*separate opinion*). I would grant leave to appeal. I adhere to the view that peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required.[1]

While no factual assessment is required in the

---

[12] MCL 500.3115(2); MSA 24.13115(2).

[1] *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875; 451 NW2d 304 (1990) (LEVIN, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (LEVIN, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare

instant case, the law is not settled. This Court granted leave to appeal in *Auto-Owners Ins Co v Farm Bureau Mutual Ins Co,* 171 Mich App 46; 429 NW2d 637 (1988), lv gtd 433 Mich 880 (1989), to address the question peremptorily decided in the per curiam opinion filed today.

*Auto-Owners* was settled, and the appeal in this Court was dismissed. Counsel for defendant-appellees, State Farm Insurance Company and Allstate Insurance Company, will wonder why *Auto-Owners* was grant worthy, but the decision of the Court of Appeals in the instant case, which adopted the reasoning of *Auto-Owners,* is not.

The opinion in *Auto-Owners* was written by a judge sitting by assignment and was signed by two judges of the Court of Appeals. The Court of Appeals per curiam opinion in the instant case was signed by two different judges of the Court of Appeals and a judge sitting by assignment. Four Court of Appeals judges and two judges sitting by assignment have thus so expressed themselves. No contrary authority is cited by the appellant or in the per curiam opinion filed today other than a statement in the opinion that is conceded to be obiter dictum.[2]

I would, again, grant leave to appeal.

---

disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]'").

[2] This Court's last decision construing § 3109a of the Insurance Code, MCL 500.3109a; MSA 24.13109(1), is *Tatum v GEICO,* 431 Mich 663; 431 NW2d 391 (1988).