TURNER v WASHTENAW COUNTY ROAD COMMISSION

Docket No. 88173. Decided March 11, 1991. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court, and remanded the case to the circuit court for entry of judgment in favor of the Washtenaw County Road Commission.

Amherst H. Turner brought an action in the Washtenaw Circuit Court against the Washtenaw County Road Commission, seeking to prevent removal of a brick wall containing a mailbox that had been erected near the end of his driveway and within the right of way of a county road. After a bench trial, the court, Patrick J. Conlin, J., permitted the plaintiff to retain a portion of the structure. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and BRENNAN and REILLY, JJ., affirmed in an unpublished opinion per curiam, holding that county road commissions do not have absolute control over county roads and adjacent rights of way, and that their jurisdiction, rather, is subject to a condition of reasonableness to be determined case by case (Docket No. 104941). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH and Justices BRICKLEY, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held*:

The Washtenaw County Road Commission had more than sufficient reasoned basis and evidentiary support for its conclusion that the structure posed a significant danger to public safety and could not be permitted to encroach upon the right of way. The fact that limited exceptions routinely may be granted in cases involving ordinary mailboxes does not require an exception in this case. That a different decision might also be reasonably justified on the basis of these facts is immaterial. Absent a totally unreasonable exercise of governmental power, the circuit court had no basis for substituting its judgment for the commission's.

Justice BOYLE concurred in the result only.

Reversed and remanded.

Justice LEVIN, in a separate opinion, stated that leave to

appeal either should be denied or granted. Peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required. In this case, factual assessment is required and the law is not settled; thus, peremptory disposition is not appropriate. Peremptory dispositions do not provide a safe basis either for resolving individual cases or for promulgating precedent.

This is a case of first impression. The questions raised in the circuit court require an appraisal of the record. The questions regarding judicial review and the applicable standard of review deserve plenary consideration and should be addressed only after being both briefed and argued. ·

*Barry M. Levine* for the plaintiff.

*Laird, Chin & Schwartz* (by *John R. Laird*) for the defendant.

PER CURIAM. The Washtenaw County Road Commission has applied for leave to appeal from an unpublished opinion per curiam of the Court of Appeals, decided December 26, 1989 (Docket No. 104941), affirming the Washtenaw Circuit Court's decision permitting plaintiff to retain a portion of a brick structure surrounding plaintiff's mailbox within the dedicated right of way of a county road. The commission, following an investigation, had ordered complete removal of the structure. For the reasons stated below, in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and the circuit court and remand for entry of judgment in favor of the commission.

The commission is authorized by MCL 247.171 *et seq.*; MSA 9.251 *et seq.* to remove encroachments on public roadways. The only issue presented here is whether the commission's order in this case is a reasonable exercise of this authority. The commission's order, applying as it does a general rule to the particular facts of a particular situation, has "quasi-judicial" attributes within the meaning of

Const 1963, art 6, § 28. On the basis of that provision, therefore, in conjunction with Const 1963, art 7, § 29 (granting local governments "*reasonable* control" of their public streets and highways), we find that the commission's exercise of its authority over the public roads may be subject to judicial review where its decision is so unreasonable as to be unsupported by substantial evidence. As we noted in *Allen v State Highway Comm'r,* 338 Mich 407, 415; 61 NW2d 625 (1953), "[t]he right to reasonable control of their streets is not a gift of an arbitrary prerogative to the cities, villages and townships."

The applicable standard of review is thus highly deferential, and precludes judicial intervention unless the disputed decision lacks any reasoned basis or evidentiary support. See, e.g., *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 631; 326 NW2d 583 (1982) (defining the "substantial evidence" standard). We find it evident in this case that the commission had more than sufficient reasoned basis and evidentiary support to conclude that the heavy brick structure at issue posed a significant danger to public safety, and could not be permitted to encroach upon the public right of way. The fact that limited exceptions to the encroachment rule may routinely be granted in cases involving ordinary mailboxes does not require the commission to make an exception in this case. The fact that a different decision might also be reasonably justified on these facts is immaterial. Absent a totally unreasonable exercise of governmental power, the circuit court had no basis in this context for substituting its judgment for that of the commission.

CAVANAGH, C.J., and BRICKLEY, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

BOYLE, J., concurred in the result only.

LEVIN, J. I would grant or deny leave to appeal.

The analysis set forth in the opinion signed by the majority shows that the issues dealt with in the opinion may not appropriately be decided peremptorily.

I

I adhere to the view that peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required.[1] In the instant case, as indicated in the majority opinion, factual assessment is required and the law is not settled. Peremptory disposition is not appropriate.

The majority apparently is of the opinion that the issues are significant, and that they satisfy the requirements of the court rule (MCR 7.302[B][5]) because the Washtenaw County Road Commission has demonstrated that the decision of the Court of Appeals in the instant case "is clearly erroneous and will cause material injustice . . . ." The ap-

---

[1] *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875 (1990) (LEVIN, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (LEVIN, J., dissenting); *People v Wrenn,* 434 Mich 885, 885-886 (1990) (LEVIN, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co,* 435 Mich 508, 515; 460 NW2d 194 (1990) (LEVIN, J., separate opinion); *Universal Underwriters Ins Co v Vallejo,* 436 Mich 872, 873-874 (1990) (LEVIN, J., dissenting); *People v Stephens,* 437 Mich 903, 903-910 (1991) (LEVIN, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]").

propriate course in such a case is generally to grant leave to appeal.

Peremptory disposition does not provide a safe basis either for resolving individual cases or for promulgating precedent. If leave to appeal were to be granted, counsel for the parties, and particularly counsel for Amherst H. Turner, who prevailed in the Court of Appeals, would have an opportunity to attempt to persuade the justices, both in the appellee's brief and during oral argument, that the Court of Appeals reached the correct result. Even if counsel did not succeed in such an endeavor, an opinion might be written more narrowly than the peremptory disposition opinion.

II

The difference between an "ordinary" mailbox and the modified "brick structure" permitted by the circuit court, and the extent to which the modified structure may pose a "danger to public safety" requires an appraisal of the record. The questions whether and to what extent the commission's order is subject to judicial review, and the applicable standard of review, are deserving of plenary consideration in this case of first impression. This Court should address those questions only after they have been both briefed and argued in this Court.