WOODS v STATE EMPLOYEES RETIREMENT SYSTEM

Docket No. 91967. Decided June 17, 1992. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Thomas E. Woods sought, in 1988, to purchase retirement credit for service with the Michigan Senate before July 1, 1974. The State Employees' Retirement Board refused his request on the ground that because he left state service in 1980, he was no longer an employee of the state under MCL 38.13(2); MSA 3.981(13)(2) in 1988, and thus was ineligible to purchase the credit. The Ingham Circuit Court, Dennis C. Kolenda, J., affirmed. The Court of Appeals, WAHLS, P.J., and HOOD and CAVANAGH, JJ., reversed in an unpublished opinion per curiam, holding that because the statute was remedial in nature and its provisions confusing, the act should favor the petitioner (Docket No. 125619). The State Employees Retirement System seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court held:

The right to purchase retirement credit for Senate service before July 1, 1974, is governed by MCL 38.13(2); MSA 3.981(13)(2). Under the statute, only employees, i.e., persons currently employed by the state, may purchase credit. Because the petitioner was not a state employee in 1988, he was not eligible to purchase credit for prior service.

Reversed.

Justice LEVIN, dissenting, stated that peremptory reversal should be reserved for cases in which the law is settled and no factual assessment is required.

*Rita S. Jacobs* for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Michael J. Moquin* and *Walter V. Kron,* Assistant Attorneys General, for the respondent.

Per Curiam. The petitioner is a former state employee. During the later years of his state service, he was a member of the State Employees' Retirement System (SERS). He now seeks to purchase credit from the SERS for the first part of his state employment, in order to increase his eventual retirement benefits.

The State Employees' Retirement Board (SERB) and the circuit court ruled that the petitioner is ineligible to make this purchase because he no longer is a state employee. The Court of Appeals reversed. We believe that the SERB and the circuit court are correct, and we therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

From September 1966 through January 1969, and again briefly during 1972, the petitioner taught at Eastern Michigan University. He became general counsel of the Michigan Senate in January 1969, and served in that position through March 1976. He held other state positions through November 1980, when he left for the private sector. He has not returned to state employment since 1980.[1]

Before July 1, 1974, the SERS did not include the petitioner's Senate position. However, an amendment that took effect on that date brought his Senate job within the SERS. MCL 38.13(2); MSA 3.981(13)(2), as amended by 1974 PA 216. The amendment also allowed the petitioner to pur-

[1] The petitioner subsequently worked as an administrative hearing officer, apparently on a contractual basis. That work does not play a part in his claims against the SERS, however.

chase credit toward his retirement under the SERS, for his state service before July 1, 1974.[2]

In 1974, the petitioner received written notification of the opportunity to purchase credit for his earlier state service. Although the 1974 notice did not state a deadline for making the payment, the petitioner received an additional written notification in 1979, which explained that "[p]ayment must be made while in membership status."

Despite the written notices in 1974 and 1979, the petitioner left state employment in 1980, without having purchased the credit for work performed before July 1, 1974.

In 1988, the petitioner inquired about purchasing the credit for earlier service. At that time, he was told that he could not make such a purchase, because he no longer was a state employee.

The petitioner requested and obtained an administrative hearing, but an SERS hearing officer and the SERB ruled against him. The circuit court affirmed the decision of the SERB.

---

[2] In pertinent part, the statute provides:

> All state employees except those specifically excluded by law and those who are members or eligible to be members of other statutory retirement systems in this state, shall become members of the retirement system. The employees may use service previously performed as an employee of this state in meeting the service requirements for the retirement allowances and death benefits provided by the retirement system. However, the prior service shall not be used in computing the amount of a retirement allowance to be paid by the retirement system unless the employee pays to the retirement fund with interest the amount the employee's contributions would have been had the employee become a member immediately upon employment by the state as provided in [MCL 38.13(1); MSA 3.981(13)(1)]. [MCL 38.13(2); MSA 3.981(13)(2).]

The statutory quotations in this opinion are from the current language of the statute. Several of these provisions have been amended in recent years but, except as noted, the substance of the quoted passages has been in effect throughout the time period discussed.

The Court of Appeals reversed.[3] It said that the statutory definition of "employee" was unclear and that the applicable statutory provisions were confusing. The Court determined that, as a remedial statute, the act should be read in a fashion favorable to the petitioner.

The SERS applies to this Court for leave to appeal.

II

This dispute is controlled by the clear language of the statute. The right to purchase SERS credit for Senate service before July 1, 1974 is governed by MCL 38.13(2); MSA 3.981(13)(2), which permits an "employee" to purchase such credit. The term "employee" clearly means persons currently employed, since the statutory definition provides that an employee is someone who "*is* paid in whole or in part by the state." MCL 38.1(y); MSA 3.981(1)(y). Because the petitioner was not a state employee in 1988, he was not eligible under MCL 38.13(2); MSA 3.981(13)(2) to purchase credit for prior service.[4]

As mentioned earlier, the petitioner was notified in 1979 that payment needed to be made while he was still "in membership status." Just as the petitioner ceased to be an "employee" when he left state service, so he ceased to be a "member" of the SERS. The membership of the SERS is composed of

[3] Unpublished opinion per curiam of the Court of Appeals, decided June 19, 1991 (Docket No. 125619).

[4] The petitioner seeks to purchase credit for his state employment before July 1, 1974, including his service from 1966 to 1969 at Eastern Michigan University. Employees of EMU are covered by the Public School Employees Retirement Act. 1945 PA 136, as amended; repealed and replaced by 1980 PA 300, as amended. MCL 38.1306(4); MSA 15.893(116)(4), replacing MCL 38.201(f); MSA 15.893(1)(f). In this case, the parties discuss the purchase of credit only in light of MCL 38.13; MSA 3.981(13), and so we need not determine whether this petitioner's purchase of credit for employment at EMU would be governed by that provision or by MCL 38.17(b); MSA 3.981(17)(b).

"state employees,"[5] and MCL 38.20(4); MSA 3.981(20)(4) says that a member with vested pension rights[6] who leaves state service "shall remain a member during the period of absence from the state service *for the exclusive purpose* of receiving a retirement allowance . . . ."[7]

In a well-reasoned opinion, the circuit court emphasized these aspects of the statute. It relied upon MCL 38.20(4); MSA 3.981(20)(4), which provides that a person in the petitioner's situation is a member of the retirement system "for the exclusive purpose" of later receiving a retirement allowance. For no other purpose is such a person a member of the SERS.[8] Even more importantly, the court noted that a person in the petitioner's situation is not an "employee" because such a person does not fall within the present-tense requirement of being a person whose compensation "is" being paid by the state.[9]

For these reasons, we reverse the judgment of

[5] MCL 38.1(e), 38.13(2); MSA 3.981(1)(e), 3.981(13)(2).

[6] The respondent concedes that the petitioner's total period of state employment can be used to determine whether his pension rights have vested, although the pension that is later paid is to be based on service after July 1, 1974. MCL 38.13(2); MSA 3.981(13)(2).

[7] Following the enactment of 1985 PA 151, such a person is now called a "deferred member." MCL 38.1(cc); MSA 3.981(1)(cc). A member who leaves state employment before acquiring vested pension rights, or who retires or dies, ceases to be a member. MCL 38.16; MSA 3.981(16). Whether a person is a "member" is important under many of the credit-transfer and credit-purchase provisions, MCL 38.17 *et seq.*; MSA 3.981(17) *et seq.* Many of these provisions permit a "member" to make such a purchase, at a price based in part upon the member's compensation in the year in which payment is made. While today we are not interpreting MCL 38.17 *et seq.*; MSA 3.981(17) *et seq.*, we observe that these sections confirm that a "member" is a current state employee—otherwise many of these sections would use a person's wage level at employment outside state government as the basis for calculating the price for the purchase of SERS credit.

[8] Thus, if the plaintiff's purchase were governed by MCL 38.17(b); MSA 3.981(17)(b), which permits a "member" to purchase credit for time served under the former Public School Employees Retirement Act, he would be ineligible to make the purchase.

[9] Petitioner states that, in a 1974 telephone conversation with an

the Court of Appeals and reinstate the judgment of the circuit court. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I would grant leave to appeal, and dissent from the peremptory reversal of the Court of Appeals.

I adhere to the view that peremptory reversal should be reserved for cases in which the law is settled and no factual assessment is required.* Peremptory disposition is not appropriate.

SERS employee whose name he cannot recall, he was informed that payment could be made at any time up to the eve of retirement. The petitioner believes that this conversation estops the State of Michigan to impose any deadline on the purchase of the pre-1974 credit. Even if we assume that the other requirements for estoppel are present in this case, we would not reach such a result on the basis of the reported statement of the SERS employee. In the context of the conversation (advice given to a then-current state employee), the advice was accurate. That is, service credits may be purchased at any time *during an employee's state service,* including the day before the employee retires. Because the unnamed SERS employee did not state that credits could be purchased even after an employee leaves state service, there is no need to consider whether the State of Michigan would be estopped by such an oral statement.

* *People v Wright,* 439 Mich 910, 910-911 (1992) (LEVIN, J., dissenting); *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875 (1990) (LEVIN, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (LEVIN, J., dissenting); *People v Wrenn,* 434 Mich 885, 885-886 (1990) (LEVIN, J., dissenting); *Harkins v Northwest Activity Center, Inc,* 434 Mich 896, 899 (1990) (LEVIN, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co,* 435 Mich 508, 515; 460 NW2d 194 (1990) (LEVIN, J., separate opinion); *Yahr v Garcia,* 436 Mich 872 (1990) (LEVIN, J., dissenting); *Universal Underwriters Ins Co v Vallejo,* 436 Mich 872, 873-874 (1990) (LEVIN, J., dissenting); *People v Stephens,* 437 Mich 903, 903-910 (1991) (LEVIN, J., dissenting); *People v Berkey,* 437 Mich 40, 54; 467 NW2d 6 (1991) (LEVIN, J., dissenting); *Turner v Washtenaw Co Rd Comm,* 437 Mich 35, 38-39; 467 NW2d 4 (1991) (LEVIN, J., separate opinion); *Lepior v Venice Twp,* 437 Mich 955, 956-966 (1991) (LEVIN, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision

The Court of Appeals analyzed the question presented as follows:

> The term "employee" is defined in section (1)(y) of the act as "a person who may become eligible for membership under this act, as provided in § 13, if the person's compensation is paid in whole or in part by the State." In section (1)(e), a member is defined as a "state employee included in the membership of the retirement system, as provided for in section 13." And, under section 20(4), "[i]f a member has 10 or more years of credited service . . . and is separated from the service of the state for a reason other than retirement or death, he or she shall remain a member during the period of absence from the state service for the exclusive purpose of receiving a retirement allowance."
>
> Petitioner claims that by satisfying section 20(4), he has obtained membership status in the retirement system and this status, combined with the operation of sections 1(e) and 1(y), make him an employee entitled to pay to the retirement fund what contribution is necessary to receive retirement benefits for his pre-July 1, 1974 service. In contrast, the retirement board's interpretation of the act would limit the ability to purchase credits to employees whose compensation is paid in whole or in part by the state, current employees.
>
> After our review of the record, we must admit that the meaning of "employee" is unclear. The term encompasses those who "may become members of the system under § 13." It also limits the class of potential members to those whose compensation "is paid" by the state. To add to the confusion, nowhere in the statute does there appear any

_____

below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]").

time limit in which the purchase of retirement credits must be made.

While the ability of current employees to buy service credit itself is clearly bestowed by § 13, we find that the right of former workers to buy service credit is not expressly prohibited. In light of this fact and the fact that representations by the retirement system misled the petitioner, we are persuaded in this case that petitioner is entitled to purchase the service credits that he seeks. Our conclusion is strengthened by a recent opinion of this Court, *Lazarus v Detroit,* 186 Mich App 1; 463 NW2d 198 (1990), in which a panel concluded that pension laws, being remedial in nature, should be liberally construed in favor of the persons intended to be benefited by them.

That analysis is not so palpably erroneous as to justify peremptory reversal.