547 N.W.2d 641 (1995)
450 Mich. 944
PEOPLE of the State of Michigan, Plaintiff-Appellant, Cross-Appellee
v.
Todd Collins TESSIN, Defendant-Appellee, Cross-Appellant.
No. 103917, COA No. 160300.
Supreme Court of Michigan.
December 19, 1995.
ORDER
On order of the Court, the application for leave to appeal and for leave to appeal as cross-appellant are considered. Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the directive of the Court of Appeals that there be a remand for an in-camera review of the victim's psychological counseling records. Our decision in People v. Stanaway, 446 Mich. 643, 521 N.W.2d 557 (1994), does not require such a hearing simply because psychological harm is the alleged "personal injury" which must be established to satisfy the "personal injury" element of first-degree criminal sexual conduct. Per Stanaway, the defendant must establish a "reasonable probability" that the records contain information material to his *642 defense. This the defendant has not done. In all other respects, leave to appeal and leave to appeal as cross-appellant are DENIED.
LEVIN, J., states as follows:
I would deny leave to appeal, but could join in an order granting leave to appeal, and dissent from the peremptory reversal of the Court of Appeals.

I
The decision of the Court of Appeals to remand to the trial court to conduct an in-camera review of the victim's psychological counseling records was not so devoid of reason as to justify peremptory reversal. The majority's decision to peremptorily reverse the decision of the Court of Appeals belittles its efforts, in the disposition of this case, as reflected in its carefully written opinion, and deprives Todd Collins Tessin and his counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.
Today's peremptory order reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.
When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on perusal of the materials considered before voting for peremptory reversal might be enlightened and persuaded in the course of oral argument.
Also lost, when this Court acts without plenary consideration, is the opportunity for conference discussion after oral argument.
Under the Court's rules of internal procedure, also lost in this case was an opportunity for conference discussion after circulation of the peremptory order and this dissenting statement.
Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[1] In the instant *643 case, factual and legal assessment is required. The majority concludes, without reasoned explanation, that Tessin did not establish "[p]er Stanaway" a "`reasonable probability' that the records contain information material to his defense." There is no decision of this Court or reported decision of the Court of Appeals explicating what constitutes such a "reasonable probability." Peremptory disposition is not appropriate.

II
Tessin was convicted of first-degree criminal sexual conduct. The Court of Appeals[2] affirmed the CSC conviction provisionally, and vacated an habitual offender conviction.[3]
The convictions stem from a sexual assault on a sixteen-year-old male person. The conviction was based on  520b(1)(g)[4] of the Penal Code respecting sexual penetration of a person where the defendant causes personal injury to the victim and has reason to know that the victim is mentally incapacitated.
Respecting the "personal injury" element, the Court of Appeals said in relevant part:
Defendant first challenges the trial court's denial of his motion to discover the victim's psychological counseling records subsequent to the assault. Defendant asserts that the trial court's determination violated his constitutional and discovery rights. We agree to the extent that the court erred in not reviewing the records in camera.
The United States Supreme Court has determined that due process mandates that a defendant may have access to another's privileged records as long as the state legislature has not made the privilege absolute and the records may be material to the defendant's defense. Pennsylvania v. Ritchie, 480 US 39, 58; 107 SCt 989 [1001-1002]; 94 LEd2d 40 (1987). This Court has determined that the psychologist-patient privilege, codified at MCL 330.17850; MSA 14.800(750), cannot absolutely bar the introduction of privileged materials into evidence without violating a defendant's constitutional right to confrontation. People v Adamski, 198 MichApp 133, 139-140; 497 NW2d 546 (1993).
Further, our Supreme Court held that where a defendant can establish a reasonable probability that privileged counseling records are likely to contain material information necessary to the defense, the trial court should conduct an in-camera review of the privileged records to ascertain whether they contain evidence necessary to the defense. People v. Stanaway, 446 Mich 643, 677; 521 NW2d 557 (1994). Where the records are protected by an absolute privilege, such as the psychiatrist/psychologist-patient privilege, M.C.L.  333.1750; M.S.A.  14.800(750), the complainant must waive the statutory privilege after the defendant's motion for an in-camera review is granted; otherwise, the motion for an in-camera review is granted; otherwise, the complainant's testimony is to be suppressed as a sanction. Id. at 684 [521 N.W.2d 557]. The information should be provided to the defendant if the in-camera inspection reveals that it is essential and necessary to the defense. Id.

In the instant matter, the trial court refused to allow defendant's counsel unfettered access to the victim's records. This was not error. However, the trial court also refused to conduct an in-camera review of the records in question, concluding *644 that the privilege bar is absolute. This was error. Defendant made a sufficient showing that there was a reasonable probability that the victim's records may contain material and relevant information.
First, defendant correctly observed that the prosecutor sought to prove the personal injury element required by M.C.L.  750.520b(1)(g); M.S.A.  28.788(2)(1)(g) with evidence that the assault caused mental anguish to the victim. Second, defendant contended that the victim consented to the sexual act and later changed his mind. Accordingly, defendant submitted sufficient proof to obtain at least an in-camera review of the victim's records.
Plaintiff argues that it could not be compelled to disclose the victim's records via a discovery motion because it did not have the victim's records in its possession. Plaintiff asserts that defendant should have subpoenaed the keeper of the victim's records. In general, the prosecutor must produce all evidence bearing on the defendant's guilt or innocence within the prosecutor's control. People v. Davis, 199 MichApp 502, 514; 503 NW2d 457 (1993). Similarly, error cannot be predicated on the prosecutor's failure to produce evidence if it is unavailable. Id. at 514 [503 N.W.2d 457]. However, the trial court unequivocally determined that defendant could not have access to the victim's records; the issuance of a subpoena would have been futile after this determination. This Court will not require defendant to perform futile acts in order to preserve his rights.
We remand to the trial court to conduct an in-camera review of the victim's psychological counseling records to see whether they contain evidence that is relevant and material to defendant's defense. The complainant shall be notified of the proposed procedure before the review is conducted. If complainant does not waive the privilege, his testimony must be suppressed. Stanaway at 683-684 [521 N.W.2d 557]. If the court's review reveals that the records in question contain relevant and material information that is essential and reasonably necessary to the defense, the information should be provided to defendant. Id. at 684 [521 N.W.2d 557]. The trial court should conduct an in-camera admissibility hearing to see whether the proposed evidence would have been admissible at trial. Adamski, supra at 141 [497 N.W.2d 546]. If the court determines that evidence would have been admissible, the court shall then determine whether the failure to admit that evidence was harmless. Stanaway at 684, n 49 [521 N.W.2d 557]; Adamski at 140-141 [497 N.W.2d 546].
The Court of Appeals thus found that there was a "reasonable probability" that the victim's psychological counseling records "are likely to contain material information necessary to the defense"[5] on the basis that the prosecutor sought to prove the personal injury element "with evidence that the assault caused mental anguish to the victim," (emphasis added) and the evidence tending to show that the victim may have "consented to the sexual act and later changed his mind."
The majority's conclusory assertionÔÇöwith the cryptic "this the defendant has not done"ÔÇöthat Tessin did not establish a reasonable probability that the psychological records "contain information material to his defense"[6] is not responsive to the reasoned *645 opinion of the Court of Appeals and does not comply with the constitutional requirement that decisions of this Court "shall contain a concise statement of the facts and reasons for each decision...."[7] (Emphasis added.)

III
The prosecutor in the instant case relied on the psychiatric or psychological care or treatment of Tessin following the sexual assault in establishing the "personal injury" element of the offense, elevating the degree of the offense to CSC I, but, nevertheless, asserts that Tessin failed to show a good-faith belief that there was a reasonable probability that the records are likely to contain material information necessary to the defense.
In Stanaway, this Court affirmed the trial court's denial of an in-camera review of the victim's counseling records.[8] The defendant was charged with three counts of CSC III involving sexual intercourse with the complainant on three separate occasions during the summer of 1988 when she was fourteen years old. The victim had discussed these incidents with a counselor over a year after they happened, and the counselor had reported the allegations to the police pursuant to a statutory mandatory disclosure requirement. Here, in contrast with Stanaway, the victim's psychological counseling records reflect psychiatric or psychological care or treatment relied on by the prosecutor in establishing the personal injury element of CSC I.
The Court of Appeals adverted to the factors that may show that the victim's mental anguish rises to the level of a "personal injury" within the meaning of the statute, set forth by this Court in People v. Petrella, 424 Mich. 221, 270, 380 N.W.2d 11 (1985), which include the need of the "victim for psychiatric or psychological care or treatment," and stated that the prosecutor had submitted evidence on that and most of the other factors.
Tessin argues in support of the Court of Appeals decision that the prosecutor first brought out the counseling issue by having the complainant testify that the alleged crime caused him to start and then continue psychological counseling. The prosecutor also examined the complainant's parents on his need for continuing counseling after the alleged offense. Both in opening and closing arguments, the prosecutor relied on the evidence that the complainant was undergoing counseling as a reason to convict Tessin. The trial judge, who sat as trier of fact, relied on the use of the counselor as an important factor in finding mental anguish. He stated that the complainant "has in fact sought psychological treatment after never having had any need for it in the past," and that the "treatment will be ongoing for [the complainant] in order to deal with this incident. Clearly, it's an ongoing psychological scar for him." Tessin further argues that it was fundamentally unfair and contrary to Stanaway for the judge to deny an in-camera inspection of the treatment records,[9] and, without any evaluation of whether they contained "material information necessary to the defense," then to use treatment as an important factor in convicting Tessin.
Manifestly, the treatment records will contain information respecting the extent of the victim's mental anguish, and respecting the *646 judge's findings that the treatment will be ongoing, and that the incident will be "an ongoing psychological scar for him." It, therefore, appears clear that the treatment records will, in fact, contain material information necessary to Tessin's defense.
The majority does not explain the basis of its conclusion that Tessin did not have a good-faith belief that there was a reasonable probability that the records of the victim's psychological care or treatment, relied on by the prosecutor and the judge, are likely to contain material information necessary to his defense. The majority's failure to explain the basis of its decision constitutes, I repeat, a failure to comply with the constitutional requirement that this Court provide "reasons for each decision."[10]

IV
Respecting the habitual offender conviction, the Court of Appeals said:
Finally, defendant challenges his apparent conviction as a second habitual offender asserting that this conviction violated his constitutional rights. We agree. The prosecutor withdrew the habitual offender charge after the trial court found defendant guilty of CSC I; thus, defendant was never afforded a trial on these charges. An habitual offender proceeding must be held, and the prosecution must prove these charges beyond a reasonable doubt. People v. Taylor, 176 MichApp 374, 376-377; 439 NW2d 370 (1989). Because it is undisputed that the charges were withdrawn, and no habitual offender proceedings were held, we remand to the trial court for entry of an amended judgment of sentence.
In conclusion, we provisionally affirm defendant's conviction of CSC I. We remand to the trial court to conduct an in-camera review of the victim's psychological counseling records as discussed supra, and to amend the judgment of sentence to delete the second habitual offender conviction.
The peremptory order does not advert to this aspect of the decision of the Court of Appeals, and, although there is some ambiguity, thus, presumably, this aspect of the Court of Appeals decision is unaffected by today's peremptory order.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.
NOTES
[1] People v. Wright, 439 Mich. 914, 914-915, 479 N.W.2d 631 (1992) (Levin, J., dissenting); Roek v. Chippewa Valley Bd. of Ed., 430 Mich. 314, 322, 422 N.W.2d 680 (1988) (Levin, J., separate opinion); Grames v. Amerisure Ins. Co., 434 Mich. 867, 868-875, 451 N.W.2d 304 (1990) (Levin, J., dissenting); People v. Little, 434 Mich. 752, 769-770, 456 N.W.2d 237 (1990) (Levin, J., dissenting); People v. Wrenn, 434 Mich. 885, 885-886, 452 N.W.2d 469 (1990) (Levin, J., dissenting); Harkins v. Northwest Activity Center, Inc, 434 Mich. 896, 899, 453 N.W.2d 677 (1990) (Levin, J., dissenting); Dep't of Social Services v. American Commercial Liability Ins. Co., 435 Mich. 508, 515, 460 N.W.2d 194 (1990) (Levin, J., separate opinion); Yahr v. Garcia, 436 Mich. 872, 872-873, 461 N.W.2d 363 (1990) (Levin, J., dissenting); Universal Underwriters Ins. Co. v. Vallejo, 436 Mich. 873, 873-874, 461 N.W.2d 364 (1990) (Levin, J., dissenting); People v. Stephens, 437 Mich. 903, 903-910, 465 N.W.2d 561 (1991) (Levin, J., dissenting); People v. Berkey, 437 Mich. 40, 54, 467 N.W.2d 6 (1991) (Levin, J., dissenting); Turner v. Washtenaw Co. Rd. Comm., 437 Mich. 35, 38-39, 467 N.W.2d 4 (1991) (Levin, J., separate opinion); Lepior v. Venice Twp., 437 Mich. 955, 956-966, 467 N.W.2d 811 (1991) (Levin, J., dissenting); Rochester Hills v. Southeastern Oakland Co. Resource Recovery Authority, 440 Mich. 852, 852-856, 486 N.W.2d 678 (1992) (Levin, J., dissenting); In re Reinstatement of Eston (Grievance Administrator v. Eston), 440 Mich. 1205, 1205-1207, 487 N.W.2d 755 (1992) (Levin, J., dissenting); In re Reinstatement of Callanan, 440 Mich. 1207, 1207-1209, 487 N.W.2d 750 (1992) (Levin, J., dissenting); McFadden v. Monroe Civil Service Comm., 440 Mich. 890, 890-891, 487 N.W.2d 763 (1992) (Levin, J., dissenting); Holly Twp. v. Dep't of Natural Resources (Holly Twp. v. Holly Disposal, Inc.), 440 Mich. 891, 891-893, 487 N.W.2d 753 (1992) (Levin, J., dissenting); Marzonie v. ACIA, 441 Mich. 522, 535-539, 495 N.W.2d 788 (1992) (Levin, J., dissenting); People v. Waleed, 441 Mich. 902, 902-903, 496 N.W.2d 284 (1992) (Levin, J., dissenting); People v. Hardison, 441 Mich. 913, 914-916, 494 N.W.2d 740 (1993) (Levin, J., dissenting); People v. Justice, 441 Mich. 916, 917-919, 495 N.W.2d 376 (1993) (Levin, J., dissenting); People v. LaClear, 442 Mich. 867, 867-871, 497 N.W.2d 490 (1993) (Levin, J., dissenting); Auto-Owners Ins. Co. v. City of Clare, 446 Mich. 1, 16-18, 521 N.W.2d 480 (1994) (Levin, J., dissenting); Weisgerber v. Ann Arbor Center for the Family, 447 Mich. 963, 963-969, 521 N.W.2d 601 (1994) (Levin, J., dissenting); Howard v. White, 447 Mich. 395, 405-410, 523 N.W.2d 220 (1994) (Levin, J., dissenting).

See Schweiker v. Hansen, 450 U.S. 785, 791, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); Leis v. Flynt, 439 U.S. 438, 457-458, 99 S.Ct. 698, 709, 58 L.Ed.2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal `should be reserved for palpably clear cases of ... error.' Eaton v. Tulsa, 415 U.S. 697, 707 [94 S.Ct. 1228, 1234, 39 L.Ed.2d 693 (1974)] [Rehnquist, J., dissenting]").
[2] Unpublished opinion per curiam, issued July 18, 1995 (Docket No. 160300).
[3] Tessin was also convicted as a second habitual offender. MCL 769.10; MSA 28.1082. He was sentenced to serve fifty to ninety years. The maximum sentence for the underlying offense of CSC I is life imprisonment. Tessin was thirty-one at the time of sentencing.
[4] M.C.L.  750.520b(1)(g); M.S.A.  28.788(2)(1)(g).
[5] In Stanaway, at pp. 676-677, 521 N.W.2d 557, this Court said:

The numerous writings that contributed to the plurality Ritchie holding and the factors discussed, but not resolved therein, make it difficult to divine a precise formula for balancing against a defendant's due process rights the state's pronounced interest in its evidentiary counseling privileges that enhance the healing process in the wake of abuse. However, our review of the jurisprudence of other states, along with our own precedent in dealing with discovery and evidentiary principles, coupled with a prudent need to resolve doubts in favor of constitutionality, prompts us to hold that in an appropriate case there should be available the option of an in camera inspection by the trial judge of the privileged record on a showing that the defendant has a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense.
[6] Stanaway says "likely to contain material information necessary to the defense." (Emphasis added.)
[7] Const. 1963, art. 6,  6.
[8] This Court said, supra, at p. 650, 521 N.W.2d 557, that "[t]he defendant's generalized assertion of a need to attack the credibility of his accuser did not establish the threshold showing of a reasonable probability," but concluded that there was a sufficient showing in the companion case, People v. Caruso, for a remand to the trial court for it to determine whether there was such a reasonable probability based on the assertions by the defense that there was good reason to believe that the complainant had been the victim of sexual abuse by her biological father and that the child had written notes in which she suggested she wanted to have sex with the defendant in his automobile. Supra, at pp. 654-655, 521 N.W.2d 557.

Caruso was convicted of CSC II. The charges were based on allegations by the defendant's "niece that the defendant rubbed her private with his hand during a visit when she was eight years old."
[9] The Court of Appeals stated that the trial court "refused to conduct an in-camera review of the records in question, concluding that the privilege bar is absolute." That suggests that the trial judge may not have recognized the need to make the kind of inquiry mandated by Stanaway. If so, that would have been clear and plain error.
[10] See n. 9.