547 N.W.2d 882 (1996)
MICHIGAN GAMING INSTITUTE, INC., Petitioner-Appellee,
v.
STATE BOARD OF EDUCATION, and Superintendent of Public Instruction, Respondents-Appellants.
No. 103575, COA No. 168141.
Supreme Court of Michigan.
May 24, 1996.
On order of the Court, the application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the decision of the Court of Appeals and the August 31, 1993 order of the Wayne Circuit Court and REINSTATE the decision of the State Board of Education. For the reasons stated in the dissenting opinion in the Court of Appeals, the Board of Education's decision clearly was authorized by law, Const. 1963, Art. 6, § 28, and therefore should be upheld by the courts.
We do not retain jurisdiction.
LEVIN, J., states as follows:
I would deny leave to appeal, but could join in an order granting leave to appeal, and I dissent from the peremptory reversal of the Court of Appeals.
In a published opinion,[1] the Court of Appeals affirmed the decision of the circuit judge reversing an administrative decision to deny petitioner's application to operate a proprietary school designed to teach prospective casino employees.
The determination of the Court of Appeals was not so devoid of reason as to justify peremptory reversal. The majority's decision to peremptorily reverse the decision of the Court of Appeals belittles its efforts in the disposition of this case, as reflected in its published opinion, and deprives Michigan Gaming Institute and its counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.
Today's peremptory order reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.
When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on perusal of the materials considered before voting for peremptory reversal might be enlightened and persuaded in the course of oral argument.
*883 Also lost, when this Court acts without plenary consideration, is the opportunity for conference discussion after oral argument, and further conference discussion after an opinion has been prepared and circulated.
Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[2] In the instant case, legal assessment is required. Peremptory disposition is not appropriate.
CAVANAGH, J., concurs.
NOTES
[1] 211 Mich.App. 514, 536 N.W.2d 289 (1995).
[2] People v. Wright, 439 Mich. 914, 914-915, 479 N.W.2d 631 (1992) (Levin, J., dissenting); Roek v. Chippewa Valley Bd. of Educ., 430 Mich. 314, 322, 422 N.W.2d 680 (1988) (Levin, J., separate opinion); Grames v. Amerisure Ins. Co., 434 Mich. 867, 868-875, 451 N.W.2d 304 (1990) (Levin, J., dissenting); People v. Little, 434 Mich. 752, 769-770, 456 N.W.2d 237 (1990) (Levin, J., dissenting); People v. Wrenn, 434 Mich. 885, 885-886, 452 N.W.2d 469 (1990) (Levin, J., dissenting); Harkins v. Northwest Activity Center, Inc., 434 Mich. 896, 899, 453 N.W.2d 677 (1990) (Levin, J., dissenting); Dep't of Social Services v. American Commercial Liability Ins. Co., 435 Mich. 508, 515, 460 N.W.2d 194 (1990) (Levin, J., separate opinion); Yahr v. Garcia, 436 Mich. 872, 872-873, 461 N.W.2d 363 (1990) (Levin, J., dissenting); Universal Underwriters Ins. Co. v. Vallejo, 436 Mich. 873, 873-874, 461 N.W.2d 364 (1990) (Levin, J., dissenting); People v. Stephens, 437 Mich. 903, 903-910, 465 N.W.2d 561 (1991) (Levin, J., dissenting); People v. Berkey, 437 Mich. 40, 54, 467 N.W.2d 6 (1991) (Levin, J., dissenting); Turner v. Washtenaw Co Rd Comm., 437 Mich. 35, 38-39, 467 N.W.2d 4 (1991) (Levin, J., separate opinion); Lepior v. Venice Twp., 437 Mich. 955, 956-966, 467 N.W.2d 811 (1991) (Levin, J., dissenting); Rochester Hills v. Southeastern Oakland Co Resource Recovery Authority, 440 Mich. 852, 852-856, 486 N.W.2d 678 (1992) (Levin, J., dissenting); In re Reinstatement of Eston (Grievance Administrator v. Eston), 440 Mich. 1205, 1205-1207, 487 N.W.2d 755 (1992) (Levin, J., dissenting); In re Reinstatement of Callanan, 440 Mich. 1207, 1207-1209, 487 N.W.2d 750 (1992) (Levin, J., dissenting); McFadden v. Monroe Civil Service Comm, 440 Mich. 890, 890-891, 487 N.W.2d 763 (1992) (Levin, J., dissenting); Holly Twp v. Holly Disposal, Inc., 440 Mich. 891, 891-893, 487 N.W.2d 753 (1992) (Levin, J., dissenting); Marzonie v. ACIA, 441 Mich. 522, 535-539, 495 N.W.2d 788 (1992) (Levin, J., dissenting); People v. Waleed, 441 Mich. 902, 902-903, 496 N.W.2d 284 (1992) (Levin, J., dissenting); People v. Hardison, 441 Mich. 913, 914-916, 494 N.W.2d 740 (1993) (Levin, J., dissenting); People v. Justice, 441 Mich. 916, 917-919, 495 N.W.2d 376 (1993) (Levin, J., dissenting); People v. LaClear, 442 Mich. 867, 867-871, 497 N.W.2d 490 (1993) (Levin, J., dissenting); Auto-Owners Ins. Co. v. City of Clare, 446 Mich. 1, 16-18, 521 N.W.2d 480 (1994) (Levin, J., dissenting); Weisgerber v. Ann Arbor Center for the Family, 447 Mich. 963, 963-969, 521 N.W.2d 601 (1994) (Levin, J., dissenting); Howard v. White, 447 Mich. 395, 405-410, 523 N.W.2d 220 (1994) (Levin, J., dissenting).

See Schweiker v. Hansen, 450 U.S. 785, 791, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); Leis v. Flynt, 439 U.S. 438, 457-458, 99 S.Ct. 698, 708-09, 58 L.Ed.2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal `should be reserved for palpably clear cases of ... error.' Eaton v. Tulsa, 415 U.S. 697, 707 [94 S.Ct. 1228, 1234, 39 L.Ed.2d 693 (1974)] [Rehnquist, J., dissenting]").